[Civ. No. 2168.   Fourth Appellate District.—September 21, 1938.]

ADELE FRANKISH, Respondent, v. FEDERAL MORT-GAGE COMPANY (a Corporation) et al., Appellants.

Burr & Smith, A. M. Cross and S. J. Loughlin for Appellants.

Edward E. Gray for Respondent.

BARNARD, P. J.—This is an appeal from a judgment in favor of the plaintiff in an action to cancel a trust deed on the ground of fraud.

The respondent has asked, through a motion for diminution, to have brought up and used as a part of the record certain excerpts from the minute books of a corporation. It appears from the record before us and from a certificate of the trial judge that these excerpts were admitted in evidence pursuant to a stipulation of the parties, that they were used and considered by the trial judge as a part of the evidence in the case, and that the trial judge signed the certificate to the original transcript through inadvertence and in the belief that these documents were included therein. Under these circumstances, the evidence in question should be a part of the record on appeal and that motion will be granted.

The respondent has further moved to dismiss the appeal or affirm the judgment on the ground that the appeal was taken for delay only and that the questions presented are so unsubstantial as not to require further argument. Ten points are raised in the opening brief, most of which attack the sufficiency of the evidence to support the particular findings. It fully appears from an examination of the opening brief that it will be necessary to consider the entire record and, in accordance with the settled policy of this court, this motion must be denied. (*Ure* v. *Maggio Bros. Co., Inc.*, 22 Cal. App. (2d) 536 [71 Pac. (2d) 598].)

The respondent also moved to advance the cause on the calendar. Since the time given for filing the closing brief has not expired, this motion cannot now be granted.

The motion for diminution of the record is granted, the motion to dismiss or affirm is denied, and the motion to advance is denied.

Marks, J., concurred.