[Civ. No. 6521.   Third Dist.   June 1, 1942.]

ROGER AVERILL, Respondent, v. WALTER GOULD LINCOLN et al., Appellants.

Walter Gould Lincoln in pro. per. and for Appellants.

David P. Barcroft, David E. Peckinpah, L. N. Barber, and Neice & Crane for Respondent.

THE COURT.—This is an appeal from a decision of the Superior Court of the State of California, in and for the County of Madera, denying defendants' motion for a change of venue from that county to the county of Los Angeles, California.

At the oral argument of this appeal it developed that the certificates of the trial judge and clerk to the transcript on appeal were defective. Motion has been made for an extension of the record so that proper certificates could be attached to the record, and proper certificates by both the trial judge and the clerk have been transmitted to this court for inclusion in the record. ▮ Where an application to correct the record is made, it is the attitude of appellate courts that the same should be granted, where possible, so that the case may be determined on the merits. On the authority of the case of *Frankish* v. *Federal Mortgage Co.*, 28 Cal. App. (2d) 499 [82 P. (2d) 962], the motion for extension of the record is granted.

Plaintiff's complaint filed in the Madera County action alleges that plaintiff owned and controlled a large amount of farm and ranch properties in Madera County, from the operation of which he derived substantial profits; that he also owned a large quantity of farming tools and equipment used for the farming of the lands; that upon the advice of his attorney Walter Gould Lincoln, who was his sole legal

adviser and confidential agent, the lands and personal property used in farming the same were formed into four Massachusetts trusts; that the three trusts which held the real estate were known as "Davis Ranch Company," "Lincoln Ranch Company," and "Averill Ranch Company," respectively, and that the trust which held the personal property and tools was known as "Roger Averill and Associates"; that the beneficial interest in each trust was divided into one hundred units, ten of the units in each trust being owned by Jesse F. Lincoln, ten by Paris A. Davis, and eighty by plaintiff Roger Averill; that Roger Averill, desiring to secure Walter Gould Lincoln for any attorney fee that might be coming to him for services, offered to issue Walter Gould Lincoln an authorization for ten units of each trust, said authorization not to be used until the death of Averill, and only then in case Lincoln had any money coming to him for legal services; that upon the insistence of Walter Gould Lincoln, the authorization was issued in the name of M. W. Beale, Lincoln's attorney, in whose name, he stated, all of his personal property was held; that contrary to instructions, Walter Gould Lincoln and M. W. Beale had ten units in each trust issued in the name of M. W. Beale; that M. W. Beale is a trustee, and secretary and treasurer of each of the said trusts, and also owns ten beneficial shares in each of the same; that each of the trusts is qualified under the laws of the State of California, to do business in this state; and that declarations of all of the trusts were recorded in Madera County; that in the month of December, 1938, Walter Gould Lincoln filed petitions in the Superior Court of Madera County for orders confirming and appointing the then trustees of the three trusts which held the real estate, and that orders were received from said court confirming the trustees of said trusts; that advice given by Walter Gould Lincoln as to the advantages of putting the properties into trusts was knowingly false, and was given with the intent of complicating the affairs of Roger Averill, and with the object and intent of securing for defendants Walter Gould Lincoln and M. W. Beale the direct or indirect ownership of a substantial part of the real and personal property and ranching business, and the right and power to dictate to plaintiff the management of the properties; that in this scheme, defendants wrongfully and maliciously connived, planned, conspired and confederated together; that plaintiff now finds that as a result of placing his properties in said

four Massachusetts trusts, he no longer has any control over the management of his property, the same being vested in the trustees of each trust, and further finds that M. W. Beale, as such trustee, refuses to cooperate in signing papers necessary to borrow capital required to carry on the ranching activities on the various properties; and that as a result of the conspiracy entered into by the defendants, and their acts, he has been damaged in the sum of $15,000 for loss of crops, and has been otherwise damaged in the sum of $75,000. The complaint further states that upon the advice of defendant Walter Gould Lincoln, and without any consideration, he executed to the said defendant a promissory note and chattel mortgage in the sum of $9,000, the mortgage being given on a quantity of hay owned by plaintiff; that the hay has been released from the mortgage, but that the note and mortgage are still outstanding, and defendant has commenced a suit in Los Angeles County, which was later transferred to Madera County, for the collection of the same, and that said suit is now pending.

In the prayer of the complaint, plaintiff asks that defendant M. W. Beale be removed as trustee, and secretary and treasurer of each of the said four trusts, and that the ten units and shares of beneficial interest in each of said trusts, standing in her name be canceled and declared the property of plaintiff; and that it be adjudged that neither of defendants has any right, title, or interest in or to said trusts or any of the assets thereof, or of the beneficial interests therein. Plaintiff further asks that the promissory note and chattel mortgage in the sum of $9,000, executed to defendant Walter Gould Lincoln without consideration, be canceled and surrendered to plaintiff. Plaintiff further seeks damages in the sum of $9,000, and costs of suit.

Defendants made a motion for a change of venue, asking that the place of trial be transferred from Madera County to the county of Los Angeles, upon the ground that they were both residents of that county. This motion for change of venue was denied, and defendants have appealed from the order. Respondent contends that the affidavit of merits filed by each of the defendants in connection with their motion for a change of venue was defective.

The affidavit of merits of defendant M. W. Beale is clearly sufficient. The objection that the affidavit fails to set out that she has stated ''all of the facts to her attorney,'' is without

merit, in that the affidavit contains language that ''she has fully and fairly stated the facts of the case to her attorney.'' It would be impossible to state the facts ''fully and fairly'' without stating all of the facts. The objection that there is no allegation that the advice given by the attorney was after the statement of facts to him, is hyper-technical. The affidavit of merits was filed after the advice of counsel, and it is not to be presumed that he advised before a statement of the facts had been given to him.

◼ The objection to the affidavit of merits of defendant Lincoln is also without merit. The affidavit contains language that he is an attorney at law, and is familiar with the transactions upon which this action is brought, and intends to represent himself in the defense of the action; that he has a good, full, meritorious defense to the alleged cause of action upon the merits. Although the affidavit contains other language which might be questionable, the language above mentioned is clearly sufficient. The object of the affidavit is that the defense is on the merits and not a technical one. (*Carter* v. *Broder,* 50 Cal. App. 63, 69 [194 Pac. 527].)

◼ Respondent's next contention is that this is a local action. The prayer of the complaint reveals that the objects of the suit are many, i. e., to divest appellant M. W. Beale of her ownership of ten beneficial shares in each of the four trusts; to remove her as a trustee and officer of each of the trusts; to have a promissory note and chattel mortgage, executed to appellant Walter Gould Lincoln, canceled; for damages and costs of suit. In the case of *Walter Gould Lincoln et al., petitioners* v. *The Superior Court of Madera County et al., respondents,* reported in 51 Cal. App. (2d) 61 [124 P. (2d) 179], it is held that the Massachusetts trusts involved in this case, are a copartnership with the partnership property vested in trustees. From the above, it must appear that the primary object of this suit is the dissolution of a copartnership. As an incident of the dissolution, the property which was held for its benefit will be vested by the court in the persons entitled thereto, and the trustees of the trusts will be discharged. If this is correct, the suit now under consideration is a transitory one and not local. The prayer for damages is incidental to the main object of the suit. However, that part of the suit which seeks the cancelation of the note and chattel mortgage, is directed solely against appellant Walter Gould Lincoln. Standing by itself, a suit for such a

purpose would be of a transitory nature, and if incorporated in the common design of appellants to deprive respondent of his property, it would still partake of a transitory character, because the real object of the entire suit is to dissolve the partnership which was entered into due to the fraud of appellants, and to free respondent of all of the consequences of that partnership.

Respondent next contends that because the Superior Court of Madera County appointed the trustees who held the title to the partnership property, that it, by such action, assumed jurisdiction over the subject matter of this action and is entitled to retain such jurisdiction. With this we cannot agree. Trustees who hold title to partnership property, hold such title as an incident of the partnership, and an accounting between the partners and a dissolution of the partnership would also terminate the trust.

The order of the trial court denying the motion for a change of venue is reversed, with directions to the court to transfer the cause to Los Angeles County for trial.