[Civ. No. 8199. Third Dist. May 5, 1953.]

R. D. MASELLI, Respondent, v. E. H. APPLEBY AND
COMPANY, INC. (a Corporation), Appellant.

Samuel L. Fendel for Appellant.

Duard F. Geis and Bruce H. Thomas for Respondent.

VAN DYKE, P. J.—This is an appeal from an order denying a motion to change the place of trial. Appellant is a California corporation. Respondent, Maselli, filed an action against appellant in the Superior Court of Glenn County. By Count One respondent sought a money judgment in the sum of $2,990.10. He alleged that he and the appellant corporation had entered into an oral agreement whereby respondent was to crush, and process into oil, olives to be delivered by appellant at respondent's plant in Glenn County at an agreed price of $18 per ton; that this work was to be done and the price was to be paid in Glenn County; that pursuant to the contract respondent processed 172.33 tons of olives and delivered the oil therefrom to appellant; that appellant had paid only the sum of $110.04 on a total debt of $3,100.14, leaving the sum sued for unpaid. Respondent also included in his complaint a so-called second and separate cause of action, being a common count for the recovery of $2,990.10. He alleged a debt of $3,100.14, being for the reasonable value of work, labor and services done at appellant's request "in the crushing and processing of olives"; he allowed the same credit of $110.04 and asked for the same recovery, as in the first count. Respondent also included a so-called third and separate cause of action in which he sought recovery upon a balance on a mutual, open and current book account alleged to be owing to him from appellant "for the crushing and processing of olives" at appellant's request and at an agreed price. The same credit was allowed

and recovery of the same balance due was asked. Appellant moved for a change of venue to the county of its residence, San Francisco. It supported this motion by an affidavit which stated its principal place of business to be in that county, and averred further that the contract upon which plaintiff had brought suit was made September 8, 1950, in San Francisco, respondent Maselli being personally present in the office of appellant when the contract was made. It was averred further that the obligation on which suit was brought and the liability, if any, of appellant "to pay for the crushing of certain olives" arose, and the breach of the obligation, if any, occurred, in San Francisco. Appellant countered with an affidavit which alleged the contract to have been made in the month of June, 1950, at respondent's plant in Glenn County, appellant's president and general manager being personally present in Glenn County at that time. The affidavit further traversed the averments of appellant's affidavit in respect of the place where the obligation arose, where payment was to be made and where breach occurred. In addition to opposing the motion for change of place of trial upon the ground of residence respondent moved the court to retain the action upon the ground of convenience of witnesses. He averred that there were four material and necessary witnesses residing in Glenn County whereby appellant intended to prove his case. Appellant countered with a further affidavit wherein it was averred that of respondent's four witnesses three were employees of respondent. Further it was averred that appellant must produce at least five material and necessary witnesses at the trial; that two of them resided in San Francisco, and three in Los Angeles County. No issue was raised as to the residence of appellant.

Appellant contends that the two common counts in the complaint are separate causes of action, transitory in nature; that no showing has been made that any of the constitutional grounds justifying suit in a county other than that of appellant's residence had been made with respect to these separate causes; that it was therefore entitled to a change of venue because of the inclusion of these separate causes in a complaint containing the first count, as to which count only was any issue made concerning where the contract was made, where the obligation arose, and the like. These contentions cannot be sustained. It is obvious from the allegations of all three counts contained in the complaint that the common counts are not based on separate contracts and that there was in

fact only one transaction out of which this suit arose. Although our case law permits the use of common counts, nevertheless the courts recognize that where the common counts follow a count wherein all of the facts on which plaintiff's demand is based are specifically pleaded and the common counts upon their face make it clear that they are based upon the same set of facts, the common counts are to be considered not as different causes of action, but as alternative methods of pleading the plaintiff's right to recover the money judgment he seeks. Thus it was said in *Hays* v. *Temple,* 23 Cal. App.2d 690, 695 [73 P.2d 1248]:

". . . It is the established law of California that, if plaintiff is not entitled to recover under one count in a complaint wherein all the facts upon which his demand is based, are specifically pleaded, it is proper to sustain a demurrer to a common count set forth in the complaint, the recovery under which is obviously based on the set of facts specifically pleaded in the other count. (*Harris* v. *Kessler,* 124 Cal.App. 299, 303 [12 P.2d 467]; *Powers* v. *Freeland,* 114 Cal.App. 146, 150 [299 P. 736].)

"In *Harris* v. *Kessler, supra,* at page 303, the court says:

" 'Nor do we find any ground for reversal because of the order of the court sustaining the demurrer to the second count in the cross-complaint without leave to amend. It was a common count for money had and received, the demand being for $16,636.92, which was the identical amount claimed under the first count, and manifestly was based on the same state of facts set forth in the first count. It follows, therefore, that if defendant was not entitled to recovery under the first count, wherein all of the facts upon which the demand was based were specially pleaded, he was not entitled to recover the same under a common count.' " (See, also, *Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484, 489 [110 P.2d 396].)

In this case the two common counts obviously refer to the facts specially pleaded in the first count. Not only is the same recovery asked but it is also averred therein that the liability alleged is for crushing olives. The second common count further averred the same agreed price of $18 per ton as set forth in the first count. Appellant cites *Crofts & Anderson* v. *Johnson,* 101 Cal.App.2d 418 [225 P.2d 594], in support of their position that we have different contracts here, but that case is not applicable for there the common count was based upon an account stated, which, as was pointed out, does rest upon a new contract arising later than the original

contract whereunder the liability arose. That is not the situation here.

Treating the proceeding for change of venue, therefore, as it would be treated if but one count, and that the first, was contained in the complaint, it is apparent from what has been said that we have a situation where issues of fact were raised by the verified complaint and the affidavits as to where the contract was made, as to where the obligation thereunder arose, as to where it was to be performed and as to where the breach occurred. Respondent had a right to bring the action and to have it tried in Glenn County if any of the foregoing grounds as listed in the controlling constitutional provisions existed. (See Cal. Const., art. XII, § 16; *McDuffie* v. *California Tehama Land Corp.*, 138 Cal.App. 245 [32 P.2d 385]; *Cook* v. *W. S. Ray Mfg. Co.*, 159 Cal. 694 [115 P. 318].) For example, there were issues raised as to where the contract was made, for the complaint and the affidavit of respondent asserted it was made in Glenn County in June, appellant's president and general manager being personally present at that time and place, whereas the affidavit of appellant averred that it was made September 8, 1950, in San Francisco, plaintiff being then and there personally present at that time and place. Where, as here, the motion for change of venue was made and determined upon the allegations of the verified complaint and the affidavits of the respective parties . . . 'all conflicts must be resolved in favor of the prevailing party; . . . and all reasonable inferences which are to be drawn must be in support of the trial court's order.' . . . 'In a suit upon the contract of a corporation, where no place of performance is expressly stipulated, it ought to be held performable in the place where the circumstances, viewed in the light of pertinent code provisions, indicate that the parties expected or intended it to be performed. . . . It is the rule that the question of where the contract was to be performed is one of fact, and the determination by the trial court of that question will not be disturbed if there is any substantial evidence in the record to support it, and all conflicts must be resolved in favor of the prevailing party.' '' (*Hale* v. *Bohannon*, 38 Cal.2d 458, 466-467 [241 P.2d 4].) The record here amply sustains the trial court's order denying the motion for change of venue based on the claim the action was begun in the wrong county.

The action of the trial court in denying the change of venue on the ground of convenience of witnesses must also be sus-

tained. ■ ''The granting or denial of a motion either to change or to retain the place of trial for convenience of the witnesses is addressed to the sound discretion of the trial judge. Such an order will not be disturbed on appeal except for an abuse of discretion. . . . ■ The mere numerical majority of the witnesses on one side or the other does not necessarily determine the merits of the motion.'' (*Wood* v. *Silvers*, 35 Cal.App.2d 604, 607 [96 P.2d 366].) Assuming the validity of appellant's contention that in determining convenience of witnesses the convenience of the party's own employees is to be disregarded or at most to be lightly regarded, a point which we need not here rule on, yet the trial court was here confronted with a situation where three of appellant's witnesses resided in Los Angeles and the court could well consider that it was no less convenient for these witnesses to come to Glenn County for trial than it would be to go to San Francisco. One of the remaining witnesses was a chemist who was obviously an expert witness retained by appellant for his professional knowledge and experience. The issue presented, therefore, was one, the solution of which lay within the discretion of the trial court. No abuse of discretion has been shown.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.