[Civ. No. 20686.   Second Dist., Div. Three.   June 23, 1955.]

EARLE C. ANDERSON, Appellant, v. NO-DOZ (a Corporation) et al., Defendants; HARRISON PRODUCTS, INC. (a Corporation), Respondent.

James C. Webb for Appellant.

Reed & Kirtland and Robert C. Packard for Respondent.

VALLÉE, J.—Appeal by plaintiff from an order granting defendant's motion for a change of venue from the county of Los Angeles to the city and county of San Francisco. He contends the order should be reversed because the affidavit in support of the motion was not sufficient as an affidavit of merits as required by section 396b of the Code of Civil Procedure.

The action is one for damages for personal injuries sus-

tained in an accident which occurred in the county of Monterey. The motion was made on the ground that at the time of the commencement of the action defendant was a resident of the city and county of San Francisco.

The motion was based on the complaint, the notice of motion, and an affidavit of Warren E. Merrill which reads:

"That he is the Secy-Treas. of the defendant, HARRISON PRODUCTS INC., a corporation, organized and existing under the laws of the State of California. That defendant's attorneys, REED and KIRTLAND, have stated to him that they have a valid defense to this action. That at the time of the commencement of this action, and at the present time, the Harrison Products, Inc., manufactures a product known as "No-Doz AWAKENERS," in the City of San Francisco, County of San Francisco, State of California. That the principal place of business of the Harrison Products, Inc. was at the time of the event giving rise to this action and at the time of commencement of said action 45 Second Street, San Francisco, California, and now is 610 Folsom Street, San Francisco, California, and at all times herein mentioned has been at either of these locations in San Francisco, California. Affiant further states the Harrison Products, Inc. does not have an office in Los Angeles County."

Plaintiff opposed the motion on the grounds the affidavit was not sufficient as an affidavit of merits as required by section 396b of the Code of Civil Procedure and that no affidavit of merits sufficient as such had been filed. The motion was granted.

Section 396b of the Code of Civil Procedure requires the filing of an affidavit of merits with a notice of motion for an order transferring the action to another court. (*Fernandez* v. *Fernandez,* 11 Cal.2d 568, 569 [81 P.2d 913]; *Eistrat* v. *Humiston,* 129 Cal.App.2d 463, 464 [277 P.2d 463]; *Nanny* v. *Ruby Lighting Corp.,* 108 Cal.App.2d 856, 859 [239 P.2d 885].) ■ An affidavit of merits must depose that the defendant has fully and fairly stated the case and all the facts thereof to his attorney, and that after such statement he was advised by his attorney and verily believes that he has a good and substantial defense on the merits. (*Fernandez* v. *Fernandez, supra,* p. 569; *Nickerson* v. *California Raisin Co.,* 61 Cal. 268; *Noland* v. *Noland,* 52 Cal.App.2d 58, 59 [125 P.2d 847]; *Roberts* v. *Roberts,* 81 Cal.App. 499 [253 P. 1112]; *Carter* v. *Broder,* 50 Cal.App. 63 [194 P. 527].) ■ Averments that the affiant has stated "my," "his," or

"defendant's" case and "defense" to his attorney are insufficient. (*Nickerson* v. *California Raisin Co.*, 61 Cal. 268; *People* v. *Larue*, 66 Cal. 235 [5 P. 157]; *Palmer & Rey* v. *Barclay*, 92 Cal. 199 [28 P. 226]; *Westover* v. *Bridgford*, 25 Cal.App. 548 [144 P. 313]; *Roberts* v. *Roberts*, 81 Cal.App. 499 [253 P. 112]; *Wells* v. *Wells*, 74 Cal.App.2d 158 [168 P.2d 73].) In *Nickerson* v. *California Raisin Co.*, *supra*, the court said (p. 268):

"[An affidavit of merits] must show that the defendant has fully and fairly stated the facts of the case to his counsel, before the advice of the latter could amount to a *prima facie* showing of merits on defendant's behalf. It is obvious that a statement, such as is found in the affidavit in the present case, that defendant "has fully and fairly stated the said defendant's defense in this action" to his counsel, does not answer the requirement. It might be that the defense relied on was a purely technical one, that did not touch the merits of the controversy. The expression used in the affidavit is not the equivalent of a statement that the defendant had fully and fairly stated to his counsel all the facts in the case."

In Merrill's affidavit there is no statement to the effect that defendant fully and fairly stated the case and all the facts thereof to defendant's attorneys. The affidavit is devoid of any such averment. The affiant merely deposes that "defendant's attorneys . . . have stated to him that they have a valid defense to this action." He does not assert that the attorneys were acquainted with the facts of the case; nor does he even say that their statement was based on a consideration of the facts stated to them by anyone. Their opinion is presented as a conclusion. Defendant contends it could be inferred that the statement made by counsel was based on an investigation. This is pure conjecture. The purported affidavit of merits is clearly insufficient.

An affidavit of merits must also show that the defendant, upon stating the facts of the case to his attorney, was advised by the latter that he has a defense that will address itself to the merits of the controversy and not merely to matters of form. (*Carter* v. *Broder*, 50 Cal.App. 63, 69 [194 P. 527].) The object of the affidavit is to show that the defense is on the merits and not a technical one. (*Averill* v. *Lincoln*, 52 Cal.App.2d 398, 402 [126 P.2d 398].) The statement that defendant's counsel said to affiant that defendant has "a valid *defense to this action*" may envision something quite different from a defense on the merits. An

action is the judicial means or procedure of enforcing a right. The merits are the subject or grounds of the action. ■ A ''defense on the merits'' is one which depends upon the inherent justice of the defendant's contention as shown by the facts of the case, as distinguished from one which rests upon technical objections or some collateral matter. ■ There may be a good defense growing out of an error in the plaintiff's pleadings, but that is not a defense on the merits unless the real nature of the transaction in controversy shows the defendant to be in the right. (Black's Law Dictionary, 2d ed., p. 775.)

■ The failure of the affiant to allege that defendant's counsel advised him defendant has a ''defense on the merits'' is an additional reason why the affidavit is insufficient. The motion should have been denied.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.