[Civ. No. 18840. First Dist., Div. Two. Feb. 24, 1960.]

PETERSON TRACTOR COMPANY (a Corporation), Appellant, v. FRANZ MULLER, Respondent.

Fitzgerald, Abbott & Beardsley for Appellant.

Ring, Turner & Ring and Harold H. Turner for Respondent.

PAULSEN, J. pro tem.*—Appellant filed an action in Alameda County to recover the balance due on several sales contracts, setting the contracts forth in a first cause of action and in a second cause of action simply alleging an indebtedness of the same amount. Respondent who was sued individually and doing business as M. & M. Construction Company, Ltd., moved for a change of venue to Contra Costa County on the ground that at the time of the commencement of the action he was a resident of Contra Costa County. The appeal is from an order granting the motion.

By the allegations of its complaint and by detailed statement in its affidavits, appellant sought to show that the contracts were entered into and were to be performed in Alameda County. By his answer and by affidavit, respondent sought to show that the contracts were entered into and were to be performed in Contra Costa County. No affidavit of merits was filed, but after an objection was made on that ground to the granting of the motion defendant requested permission to do so. By stipulation, the minutes of the hearing on the motion were amended to show that appellant "as an additional ground for objection to said motion, objected to said motion because Defendant and Respondent had not filed an Affidavit of Merits as required by CCP 396b . . . but such request was

*Assigned by Chairman of Judicial Council.

denied by the Court on the grounds that the requirement of such Affidavit of Merits was discretionary with the Court, and that in this instance the court did not require same.''

The applicable parts of that section read as follows: ''[I]f an action·or proceeding is commenced in a court having jurisdiction of the subject-matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files with the clerk . . . an affidavit of merits and notice of motion . . .''

It is undisputed that defendant Muller was at all times a resident of Contra Costa County and the refusal of the trial court to permit the filing of an affidavit of merits after objection was made at the hearing was apparently based on the second cause of action. ▉ In *Gilman* v. *Norden,* 112 Cal.App.2d 788 [247 P.2d 394], it is said: ''If a defendant is entitled to a trial in the county of his residence on any one of several causes of action in a complaint, he is entitled to a change of venue to that county notwithstanding that on all the other causes he would not be entitled to such change.'' See also *International Investment Co.* v. *Chagnon,* 170 Cal. App.2d 441 [339 P.2d 147]; *Crofts & Anderson* v. *Johnson,* 101 Cal.App.2d 418 [225 P.2d 594].

▉ The second cause of action is a simple statement of indebtedness in the nature of a common count for the same amount as that claimed under the first cause of action. The prayer of the complaint shows clearly that no additional sum is claimed because of the second cause of action and simply prays for a recovery of the amount claimed under the first. The second cause of action contains no allegation as to the place where the indebtedness was incurred or where it was to be paid. It is obvious that it was not based on a separate contract; that both causes grew out of the same transactions and that the second cause was merely an alternative method of pleading the plaintiff's right to recover the same money claimed under the first cause of action. This being the case, the questions presented on this appeal are to be considered as if there was but one cause of action. (*Maselli* v. *E. H. Appleby & Co., Inc.,* 117 Cal.App.2d 634 [256 P.2d 618].) Respondent argues that a common count necessarily rests upon a new contract and relies on *Erwin* v. *Cee-Tee Construction Co.,* 114 Cal.App.2d 364 [250 P.2d 287], and *Crofts & Anderson* v. *Johnson, supra,* 101 Cal.App.2d 418. Those cases dealt with

the accounts stated which rest upon a new contract, arising later than the original contract, and are not applicable here. (*Maselli* v. *E. H. Appleby & Co., Inc., supra*; *Nanny* v. *Ruby Lighting Corp.*, 108 Cal.App.2d 856 [239 P.2d 885].)

▋ The filing of an affidavit of merits with the notice of motion was required. (*Fernandez* v. *Fernandez*, 11 Cal.2d 568 [81 P.2d 913]; *Anderson* v. *No-Doz*, 134 Cal.App.2d 11 [284 P.2d 883]; *Eistrat* v. *Humiston*, 129 Cal.App.2d 463 [277 P.2d 463]; *Nanny* v. *Ruby Lighting Corp., supra*.)

Respondent has at all times taken the position that his answer and general affidavit were in themselves sufficient to meet the requirements of the section and argues that ''A sworn answer positively denying the material allegations of the complaint may constitute a sufficient affidavit of merits.'' He cites as authority for this statement *Savage* v. *Smith,* 170 Cal. 472 [150 P. 353], *Reher* v. *Reed,* 166 Cal. 525 [137 P. 263, Ann.Cas. 1915C 737], and *Fulweiler* v. *Hog's Back Consol. Mining Co.,* 83 Cal. 126 [23 P. 65]. Those cases did not refer to the affidavits of merits mentioned in section 396b of the Code of Civil Procedure, but dealt with motions to set aside defaults.

▋ An affidavit of merits must depose that a defendant has fully and fairly stated the case and all the facts thereof to his attorney and after such statement he was advised by his attorney and verily believes that he has a good and substantial defense on the merits. (*Anderson* v. *No-Doz, supra*.)

Respondent next contends that he should have been permitted to file such an affidavit in the trial court and also that if this court holds that it was required he should be permitted to file one here. He has never submitted such an affidavit with his offers.

▋ Notwithstanding the wording of section 396b that unless the affidavit is filed ''at the time he answers or demurs'' the courts have uniformly upheld the right to file an amended affidavit, but no case has been called to our attention and we have found none which holds that one may be filed at a later time when nothing was filed with the answer or demurrer that suggests in any manner that the moving party was attempting to comply with the section, and where timely objection was made.

An analysis of the cases permitting amendment discloses that the right to amend at a later time was based on section 473 of the Code of Civil Procedure which expressly authorizes the court to ''allow a party to *amend* any pleading or pro-

ceeding'' (emphasis supplied). That the courts had the distinction between the right to amend something already filed and the right to file something entirely new, as well as the importance of the time element, is clearly indicated by repeated statements that an amendment when filed relates back to the time of the filing of the original. (51 Cal.Jur.2d, Venue, § 92.) Although it has been held that section 396b is remedial in nature and should be liberally construed (*Lyons* v. *Brunswick-Balke etc. Co.*, 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173]) and the right of amendment has always been recognized, the courts have otherwise insisted that the requirement as to time be complied with (*E. C. Livingston Co.* v. *Blythe etc. Assn.*, 139 Cal.App.2d 161 [296 P.2d 96]; *Eistrat* v. *Humiston, supra,* 129 Cal.App.2d 463).

 Under the circumstances shown here, where the defendant made no attempt to file an affidavit of merits at the time of filing his answer, where no facts required in the affidavit of merits were stated in his answer or general affidavits, and where timely objection was made, we conclude that the court had no power to permit such an affidavit to be filed after the objection was made. The motion for change of venue should have been denied.

The order is reversed.

Kaufman, P. J., and Draper, J., concurred.