[Civ. No. 25874.   Second Dist., Div. Two.   Aug. 2, 1962.]

LOS ANGELES CITY SCHOOL DISTRICT et al., Plaintiffs and Respondents, v. REDWOOD EMPIRE TITLE COMPANY OF MENDOCINO COUNTY et al., Defendants and Appellants.

400

Spurr & Brunner, W. H. Brunner, Rawles, Nelson & Golden and Newell Rawles for Defendants and Appellants.

Harold W. Kennedy, County Counsel and John R. Lamoreaux, Special Counsel, for Plaintiffs and Respondents.

ASHBURN, J.—This is an action in the nature of a creditors bill to have various conveyances of certain real property set aside as having been made in fraud of creditors. The sole question on this appeal is venue.

The complaint alleges that on November 5, 1958, at Los Angeles, California, a judgment was rendered in the superior court in favor of plaintiffs and against defendants Felicien P. Landier and Landier Investment Company for nearly $331,000. In May of 1961 an execution was issued upon that judgment against the property of the judgment debtors, including real property known as the Capistran Ranch, located in Mendocino County, and said execution was directed to the sheriff of that county. It is further alleged in seven separate causes of action that the Capistran Ranch had been the subject of several conveyances in various forms for the purpose of defeating plaintiffs' attempts to collect their judgment.

This action was brought in the superior court for the County of Los Angeles. Defendants Redwood Empire Title Company

of Mendocino County and "Rose Heiner, sued herein as Rose Landier" sought to have the action transferred to the superior court for Mendocino County under sections 392 and 395 of the Code of Civil Procedure. Their motion was denied and they have appealed, resting their case on section 392.[1]

The motion was made upon the ground "that said cause is one which requires the determination of a right or interest in real property situated in the County of Mendocino, and that said County of Mendocino in therefore the proper County for the trial thereof . . ." and "that at the time of filing the complaint in this action, defendant Rose Heiner was a resident of Mendocino County and defendant Redwood Empire Title Company maintained its principal place of business in Mendocino County." The supporting affidavit avers that all the lands described in the complaint are located in Mendocino County and "plaintiffs' complaint in said action is a creditors suit seeking to set aside conveyances made with reference to said property and to impose a judgment and execution lien thereon in favor of plaintiffs and against the interests of defendants named in said cause, each of whom are alleged to claim some interest in and to the said real property." Also that Rose Heiner was a resident of Mendocino County at the time of filing suit and defendant Redwood Empire Title Company of Mendocino County maintained its principal place of business in said county. An opposing affidavit made by the attorney for the plaintiffs says: "[T]hat at the time of filing the complaint in this action, the following defendants were and now are residents of Los Angeles county: FELICIEN P. LANDIER, LANDIER INVESTMENT COMPANY, a corporation, and HONOR B. LANDIER. Each of said defendants has been served with process in this cause in Los Angeles County. . . ." There is no denial of this last quoted allegation. There are numerous other defendants, corporate and individual, whose residences are not disclosed and who have neither joined in the motion nor opposed it.

---

[1]Code Civ. Proc., § 392: "(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions: (a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property; (b) For partition of real property; (c) For the foreclosure of all liens and mortgages on real property. . . ."

Section 5, article VI, of the Constitution provides: "[A]ll actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated."

■ The claim that this is a local action cannot be sustained. The complaint sounds in fraud and seeks to remove obstructions fraudulently thrown in the way of realizing upon executions issued in furtherance of a valid final judgment. Setting aside the conveyances is but an incident to establishing a fraud. ■ The guiding rule for determining whether an action is local in character is to ascertain from the face of the complaint whether "the determination of an estate or interest in land is merely incidental to the determination of a cause for equitable relief in trust, fraud, or contract" or other personal obligation. (*Ponderosa Sky Ranch* v. *Okay Improvement Corp.*, 204 Cal.App.2d 227, 230 [22 Cal. Rptr. 90].) Accord: *State of California* v. *Royal Consolidated Min. Co.*, 187 Cal. 343, 351 [202 P. 133]; *Turlock Theatre Co.* v. *Laws*, 12 Cal.2d 573, 577 [86 P.2d 345, 120 A.L.R. 786]; *Howe* v. *Tucker*, 219 Cal. 193, 195 [25 P.2d 832]; *Neet* v. *Holmes*, 19 Cal.2d 605, 610-611 [122 P.2d 557]; *Peiser* v. *Mettler*, 50 Cal.2d 594, 604 [328 P.2d 953, 74 A.L.R. 2d 1]; *Most Worshipful Sons L.G.L.* v. *Sons etc. Lodge*, 160 Cal.App.2d 560, 569 [325 P.2d 606]; 1 Witkin, California Procedure, section 188, page 703.

Application of this rule to creditors bills such as the one at bar has resulted in consistent holdings that they are not local actions. *Beach* v. *Hodgdon*, 66 Cal. 187, 188 [5 P. 77]: "This is not an action to enforce a lien upon real property, but a bill in aid of execution, to set aside two certain conveyances made by the execution debtor, upon the ground that they were fraudulently executed. Therefore, the provision of the present constitution requiring actions for the enforcement of liens upon real estate to be commenced in the county in which such real property is situated, does not apply." *Alpha H. & S. Co.* v. *Ruby Mines Co.*, 97 Cal.App. 508, 512 [275 P. 984]: "As to appellants' objection that this action should have been brought in Sierra County, we are of the opinion that the real purpose and object of the action, as set forth in the sixth count of the complaint, was to set aside and cancel the note and deed of trust which, as is alleged in said count, was executed for the purpose of defrauding respondent and its assignors, who were

creditors of the said Ruby Mines Company. The provision of the constitution requiring actions for the enforcement of liens upon real estate to be commenced in the county where the real estate is situated does not apply to an action in the nature of a creditor's bill, brought to set aside a conveyance made by an execution debtor on the ground of fraud.'' To the same effect are, *Woodbury* v. *Nevada etc. Ry. Co.*, 120 Cal. 463, 465-466 [52 P. 730]; *Heffernan* v. *Bennett & Armour*, 63 Cal.App.2d 178, 183 [146 P.2d 482].

Appellants' cited case of *Rice* v. *Schubert*, 101 Cal.App.2d 638 [226 P.2d 50], is plainly distinguishable. In that case it was held that an action to set aside a conveyance of real property as being in fraud of creditors was a local action falling within the provisions of section 392, Code of Civil Procedure. But that was an action in which the judgment would act directly upon the land and did not involve any frustration of execution. Moreover, it did not include any corporate defendant and therefore article XII, section 16 of the Constitution (quoted *infra*) was not involved.

This action was filed in the county of residence of defendants Landier Investment Company, a corporation, Felicien P. Landier and Honor B. Landier. Plainly, that is a proper county for filing and for trial. Section 16, article XII of the Constitution says: ''A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.''

*Hale* v. *Bohannon*, 38 Cal.2d 458, 470 [241 P.2d 4], says concerning this section of the Constitution: ''The constitutional provision 'is of the nature of a code provision in regard to procedure, and is obviously self-executing, and differs from a statutory code provision only in that it cannot be repealed, nor can its scope and operation be limited by a statute. So far as it conflicts with a statute, the statute must give way.' [Citations.]'' At pages 472-473: ''Where a corporation and an individual are properly joined as defendants and the action is commenced in the county where the corporation has its principal place of business the individual defendant may not have the action moved to the county of his residence, if different, for trial. [Citation.] In such circumstances, under the terms of section 395 [Code of Civil Pro-

cedure], the residence of the corporation is the county where it has its principal place of business. [Citation.] This application of section 395 now is well settled. [Citations.] . . . A suit brought in the county where the corporation has its principal place of business·is one commenced in a proper county under the constitutional provision. The individual defendant joined with the corporation may not secure a change of venue in such circumstances because, under section 395, 'some' of the defendants reside in the county where the action was commenced.'' This is but an application of the general rule.

■ *Monogram Co.* v. *Kingsley*, 38 Cal.2d 28, 29 [237 P.2d 265] : ''[T]he basic principles governing the determination of the venue issue were recently stated in the case of *Independent Iron Works, Inc.* v. *American President Lines, Ltd.*, 35 Cal.2d 858, at page 860 [221 P.2d 939] : 'A defendant is not entitled to have an action removed to the county of his residence unless it appears that none of the other defendants are residents of the county where the action is brought. [Citation.] Even when all of the defendants join in a demand for or consent to a change of venue the cause will be retained if the complaint attempts in apparent good faith to state a cause of action against a defendant who resides in the county where the action was commenced. [Citation.] ■ When a defendant who resides in the county in which an action is brought is a necessary and proper party defendant it is immaterial that another and the principal defendant resides in another county. [Citation.]' Accordingly a plaintiff who has brought his action in the proper county will not be compelled to go elsewhere merely because all of the defendants prefer it.''

■ The burden rests upon the moving party to show that no defendants, corporate or individual, reside in the county wherein suit was filed. (*Independent Iron Works, Inc.* v. *American President Lines, Ltd.*, 35 Cal.2d 858, 860 [221 P.2d 939] ; *J. C. Millett Co.* v. *Latchford-Marble Glass Co.*, 144 Cal.App. 2d 838, 839 [301 P.2d 914] ; *Konig* v. *Associated Almond Growers*, 37 Cal.App.2d 360, 364 [99 P.2d 678] ; *Rudnick* v. *Delfino*, 140 Cal.App.2d 260, 265 [294 P.2d 983] ; 1 Witkin, California Procedure, § 249, p. 768.) ■ Appellants have not sustained this burden for it affirmatively appears that Felicien P. Landier, Honor B. Landier and Landier Investment Company, a corporation, reside in Los Angeles County, and nowhere is it shown where any other defendants except the moving parties reside. In the absence of such showing it

is presumed that the action was brought in a proper place for trial. (See *J. C. Millett Co.* v. *Latchford-Marble Glass Co.,* and other cases just cited.) Plainly, appellants have failed to make a showing which would warrant the change of venue which they seek.

Respondents made a second point, namely, that an affidavit of merits was essential to granting appellants' motion and none was filed. Section 396b, Code of Civil Procedure provides: "[I]f an action or proceeding is commenced in a court having jurisdiction of the subject-matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files with the clerk . . . an affidavit of merits and notice of motion. . . ." The affidavit of merits "must depose that a defendant has fully and fairly stated the case and all the facts thereof to his attorney and after such statement he was advised by his attorney and verily believes that he has a good and substantial defense on the merits." (*Peterson Tractor Co.* v. *Muller,* 178 Cal.App.2d 280, 283 [2 Cal.Rptr. 910]; *Anderson* v. *No-Doz,* 134 Cal.App.2d 11 [284 P.2d 883].) This affidavit of merits must be filed. (*Peterson Tractor Co.* v. *Muller, supra; Fernandez* v. *Fernandez,* 11 Cal.2d 568, 569 [81 P.2d 913].) By failing to do so a moving party waives his right to have his motion granted. (*Eistrat* v. *Humiston,* 129 Cal.App.2d 463, 464 [277 P.2d 463]; *Noland* v. *Noland,* 52 Cal.App.2d 58, 60 [125 P.2d 847].)

It is true that no such affidavit would have been necessary if appellants were correct in their assumption that the action was a local one within the meaning of article VI, section 5 of the Constitution. (*Fritts* v. *Camp,* 94 Cal. 393, 397 [29 P. 867]; *Mono Power Co.* v. *City of Los Angeles,* 33 Cal.App. 675, 681 [166 P. 387].) But it having been shown that that assumption is incorrect the absence of an affidavit of merits becomes a fatal defect in appellants' motion.

Order affirmed.

Fox, P. J., and Herndon, J., concurred.