[Civ. No. 28404. Second Dist., Div. One. Sept. 8, 1964.]

RADIO K-DAN, INC., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; WILLIAM H. HANSEN, Real Party in Interest.

Calabro, Calabro & Calabro and Alfred A. Calabro for Petitioner.

No appearance for Respondent.

W. S. Mayock and Welburn Mayock for Real Party in Interest.

THE COURT.—This is a petition for a writ of mandate, filed pursuant to Code of Civil Procedure, section 400, to review an order of respondent court granting defendant's motion for change of venue from Los Angeles to Humboldt County on the ground that the latter county is that in which the real property, the subject of the action, is situated.

Petitioner contends that the court erred in granting the motion in that defendant, at the time of filing the motion, did not file an answer or demurrer and that the motion was not accompanied by an affidavit of merits as required by Code of Civil Procedure, section 396b. We think it unnecessary to consider the first contention in that the absence of the affidavit of merits is a fatal defect.

Section 396b provides that ". . . . if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files with the clerk . . . an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of such papers. . . ."

As stated in *Los Angeles City School Dist.* v. *Redwood Empire Title Co.,* 206 Cal.App.2d 398, 405 [23 Cal.Rptr. 662] : "The affidavit of merits 'must depose that a defendant has fully and fairly stated the case and all the facts thereof

to his attorney and after such statement he was advised by his attorney and verily believes that he has a good and substantial defense on the merits.' [Citations.] *This affidavit of merits must be filed. (Peterson Tractor Co. v. Muller, supra* [178 Cal.App.2d 280, 283 (2 Cal.Rptr. 910)]; *Fernandez* v. *Fernandez,* 11 Cal.2d 568, 569 [81 P.2d 913].) By failing to do so a moving party waives his right to have his motion granted. [Citations.]'' (Italics added.) (See also, *Mono Power Co.* v. *City of Los Angeles,* 33 Cal.App. 675, 683 [166 P. 387]; *Peterson Tractor Co.* v. *Muller,* 178 Cal.App.2d 280, 283 [2 Cal.Rptr. 910].)

Actions coming within the constitutional provision (art. VI, § 5) must be commenced in the county in which the real property is situated. This requirement is jurisdictional, and cannot be waived. (*Apartments, Inc.* v. *Trott,* 172 Cal. App.2d 7, 11-12 [342 P.2d 32].) Nor would an affidavit of merits be necessary. (*Los Angeles City School Dist.* v. *Redwood Empire Title Co., supra,* p. 405.) However, a reading of the complaint shows that the action clearly is not one ''for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate.''

In fact, it does not appear that the action is even a statutory local action and that Code of Civil Procedure, section 392, is inapplicable. Section 392 provides: ''(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions: (a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property; . . .''

''The question of the transitory or local character of the causes of action must be determined from the allegations of the complaint on file at the time the motion was made and from the nature of the judgment which might be rendered thereon, assuming the truth of the allegations. [Citations.]'' (*Peiser* v. *Mettler,* 50 Cal.2d 594, 603 [328 P.2d 953, 74 A.L.R. 2d 1].) And, as stated in *Neet* v. *Holmes,* 19 Cal.2d 605, 611-612 [122 P.2d 557]: ''In *Turlock Theatre Co.* v. *Laws, supra* [12 Cal.2d 573 (86 P.2d 345, 120 A.L.R. 786)], it was pointed out that an action is transitory rather than local where the right to any real property sought by the plaintiffs depends upon the outcome of a controversy concern-

ing a personal obligation of the defendants, and the judgment rendered thereon would be one to enforce such an obligation. The nature of the action here is essentially transitory, that is, the defendants would be entitled to have it tried in the county of their residence, if the determination of an estate or interest in land is merely incidental to the determination of a cause for equitable relief in trust, fraud, or contract. ▓ The nature of the action is local, and must be tried in the county where the land is situated, where it turns on the title to property as distinct from the personal obligation, and the decree operates *ex proprio vigore* on the title.''

▓▓ Under the allegations and prayer of the complaint, the main relief sought appears to be a declaration that plaintiff is not in default under its agreement with defendant, with incidental injunctive relief. Plaintiff also seeks a determination as to the right of defendant to proceed with a nonjudicial sale under the mortgage, which involves an interpretation of the contract and the question as to whether the mortgage covers real or personal property, or both. It is clear that, even if it includes real property in part, it also involves personal property. ▓ An action must be wholly local in its nature to require it to be brought in the county wherein is situated the property which is the subject matter of the action. Section 392 does not apply where the subject matter of the action involves both real and personal property and is essentially transitory. (*Myers* v. *Superior Court,* 75 Cal.App.2d 925, 929 [172 P.2d 84] ; *Maguire* v. *Cunningham,* 64 Cal.App. 536, 542 [222 P. 838] ; *Hardy* v. *White,* 130 Cal. App.2d 550, 552 [279 P.2d 126] ; *Sheeley* v. *Jones,* 192 Cal. 256 [219 P. 744].)

▓ In the pending action the relief sought appears to be entirely personal. Any judgment the court might enter would not affect title to, or possession of, real property, or determine interests therein. (See *Neet* v. *Holmes, supra,* 19 Cal.2d 605, 611-612; *Kaluzok* v. *Brisson,* 27 Cal.2d 760, 764 [167 P.2d 481, 163 A.L.R. 1308] ; *Peiser* v. *Mettler, supra,* 50 Cal.2d 594, 603-604] ; *Ponderosa Sky Ranch* v. *Okay Improv. Corp.,* 204 Cal.App.2d 227, 230 [22 Cal.Rptr. 90].)

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of May 15, 1964, in action No. 831221, entitled *''Radio K-Dan, Inc., Plaintiff, v. William H. Hansen, et al., Defendants,''* whereby it was directed that said action be transferred to Humboldt County.