[Civ. No. 3888. Fifth Dist. Apr. 25, 1978.]

LEN VAN GAALEN, SR., et al., Petitioners, v.
THE SUPERIOR COURT OF MERCED COUNTY, Respondent;
FRANK PACHECO et al., Real Parties in Interest.

**COUNSEL**

Moody & Johnson and Thomas M. Holsinger for Petitioners.

No appearance for Respondent.

Eugene A. Mash for Real Parties in Interest.

## OPINION

BROWN (G. A.), P. J.—Petitioners seek a writ of mandate directing respondent court to grant their motion for a change of venue to the Stanislaus County Superior Court. (Code Civ. Proc., § 400.)

Real parties in interest filed an action for damages in the Superior Court of Merced County naming petitioners as defendants.

The issue in this case is whether a trial court has the power to permit a moving party in a motion for change of venue to file a late affidavit of merits in support thereof.

Petitioners noticed a motion for change of venue to the Superior Court of Stanislaus County. A document entitled "Declaration of Merits," executed under penalty of perjury by petitioner Len Van Gaalen, Sr., was attached to this motion. The declaration stated:

"Len Van Gaalen declares that the following is true and correct:

"I am a defendant in the within-entitled action. My wife, Betty Gene Van Gaalen, is also a defendant.

"My wife and I have resided in Stanislaus County for 17 years. I have not resided in Merced County at any time during said period. Our place of residence for the past 17 years, and residence has been at 407 South Tegner Road, Turlock, California, in Stanislaus County.

"Also, my sons, Wayne Van Gaalen and Len Van Gaalen, Jr., have for the past 17 years resided in Stanislaus County, California, and are not and have not been residents of Merced County."

The declaration omitted the averments which must be stated in the affidavit of merits prescribed by case law. (See *Fernandez* v. *Fernandez* (1938) 11 Cal.2d 568, 569 [81 P.2d 913].)

Real parties filed written opposition to the motion for change of venue urging its denial upon the ground that petitioners had failed to file an affidavit of merits as prescribed by Code of Civil Procedure section 396b. Section 396b provides that a motion for change of venue be filed at the time a defendant answers or demurs; it states in pertinent part: ". . . the defendant, *at the time he answers or demurs,* . . . files with the clerk, . . . an

affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court, . . ." (Italics added.) Real parties relied upon *Peterson Tractor Co.* v. *Muller* (1960) 178 Cal.App.2d 280 [2 Cal.Rptr. 910] to support their contention that ". . . the requirement of filing the affidavit of merits with a notice of motion and the answer cannot be dispensed with at the discretion of the Court and may not later be filed, once objection to the failure to file the affidavit has been made by the plaintiffs."

Prior to the hearing on the motion, in an effort to correct the omission asserted by real parties, petitioners filed an "Amended Affidavit of Merits," executed by petitioner Len Van Gaalen, Sr., which states in relevant part, "I have fully and fairly stated the facts of this case to my attorneys and after so stating was advised by them that I have a good defense on the merits of the case."

*Peterson Tractor Co.* v. *Muller, supra,* 178 Cal.App.2d 280, is on point. Real parties relied upon it exclusively in resisting the venue motion, and the oral arguments of both parties before respondent court centered upon whether that case is factually distinguishable from the instant case. At oral argument the parties agreed that the trial court denied the motion because it was bound by the *Peterson Tractor Co.* opinion.

In *Peterson Tractor Co.* v. *Muller, supra,* 178 Cal.App.2d 280, the plaintiff filed suit in Alameda County to recover the balance due on several contracts. The defendant moved for a change of venue to Contra Costa County on the ground that he resided there when the action was commenced. The defendant attempted to show by affidavit and his answer that the contracts were entered into and were to be performed in Contra Costa County. An affidavit of merits was not filed with the motion for change of venue, but the defendant requested permission to do so after plaintiff objected on that ground to the granting of the motion. The trial court denied defendant's request to file an affidavit of merits on the ground that it had discretion to rule that an affidavit of merits was not required, and thereupon granted the motion for change of venue. This order was reversed on appeal. The reviewing court held that the filing of an affidavit of merits with the notice of motion was required and that defendant's answer and general affidavit were not sufficient to meet the requirements of an affidavit of merits.

The reviewing court then addressed the defendant's contention that he should have been allowed to file an affidavit of merits in the trial court

and should be permitted to file one in the reviewing court if an affidavit is required. After noting that the defendant had never submitted an affidavit of merits with his offers to do so, the reviewing court stated:

"Notwithstanding the wording of section 396b that unless the affidavit is filed 'at the time he answers or demurs' the courts have uniformly upheld the right to file an amended affidavit, but no case has been called to our attention and we have found none which holds that one may be filed at a later time when nothing was filed with the answer or demurrer that suggests in any manner that the moving party was attempting to comply with the section, and where timely objection was made.

"An analysis of the cases permitting amendment discloses that the right to amend at a later time was based on section 473 of the Code of Civil Procedure which expressly authorizes the court to 'allow a party to *amend* any pleading or proceeding' (emphasis supplied). That the courts had the distinction between the right to amend something already filed and the right to file something entirely new, as well as the importance of the time element, is clearly indicated by repeated statements that an amendment when filed relates back to the time of the filing of the original. (51 Cal.Jur.2d, Venue, § 92.) Although it has been held that section 396b is remedial in nature and should be liberally construed (*Lyons* v. *Brunswick-Balke etc. Co.*, 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173]) and the right of amendment has always been recognized, the courts have otherwise insisted that the requirement as to time be complied with (*E. C. Livingston Co.* v. *Blythe etc. Assn.*, 139 Cal.App.2d 161 [296 P.2d 96]; *Eistrat* v. *Humiston, supra,* 129 Cal.App.2d 463).

"Under the circumstances shown here, where the defendant made no attempt to file an affidavit of merits at the time of filing his answer, where no facts required in the affidavit of merits were stated in his answer or general affidavits, and where timely objection was made, we conclude that the court had no power to permit such an affidavit to be filed after the objection was made. The motion for change of venue should have been denied." (*Peterson Tractor Co.* v. *Muller, supra,* 178 Cal.App.2d 280, 283-284.)

Petitioners contend that the case at bench is distinguishable from *Peterson Tractor Co.* because they did attempt to comply with Code of Civil Procedure section 396b by filing a document entitled "Declaration of Merits" with the motion and because they filed a sufficient amended

affidavit of merits prior to the hearing on the venue motion. We cannot agree.

■ Although not prescribed by statute, the required content of an affidavit of merits has long been defined by case law. It must allege in substance that the defendant has fully and fairly stated all facts of the case to his attorney and that after such statement the defendant was advised by his attorney and verily believes that he has a good defense on the merits. (See *Fernandez* v. *Fernandez, supra,* 11 Cal.2d 568, 569.)

The "declaration of merits" filed with petitioners' motion for change of venue addresses only the merits of the motion. The affidavit of merits prescribed by section 396b must address the merits of the underlying action. In *Peterson Tractor Co., supra,* the defendant filed a general affidavit directed to the merits of the motion for change of venue. It contained no language which purported to comply with that required by a declaration of merits. Thus, the only possible distinction between this case and *Peterson Tractor Co.* is the fact that petitioners entitled their pleading "Declaration of Merits."

The *Peterson Tractor Co.* decision relies in part upon the fact that the defendant made no attempt to file an affidavit of merits at the time of filing his answer. Although the title "Declaration of Merits" may support an inference that petitioners subjectively intended to comply with the statutory requirement that they file an affidavit of merits, such a subjective intent does not compel a legal conclusion that they attempted to do so. The document which petitioners filed with their motion simply is not an affidavit of merits; it is so completely inadequate that its filing cannot be deemed to constitute an attempt to file an affidavit of merits. Objectively assessed, what petitioners did is the substantive equivalent of doing nothing. *Peterson Tractor Co.* cannot be distinguished by the fact that petitioners filed a document entitled "Amended Affidavit of Merits" after real parties had objected to the original "Declaration of Merits." That case holds that the trial court lacks the power to permit an affidavit to be filed after objection where, as here, it in fact is not an amendment. We conclude, therefore, that *Peterson Tractor Co.* cannot be distinguished from this case. However, we respectfully decline to follow that decision because, in our opinion, the principles enunciated in the Supreme Court case of *Lyons* v. *Brunswick-Balke etc. Co.* (1942) 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173] are controlling.

In *Lyons,* the plaintiff filed suit in Los Angeles County naming Dooley, Bowell and a corporation as defendants. On April 29, 1941, the defendants filed a joint demurrer and Dooley filed a motion for change of venue to the City and County of San Francisco. Dooley's motion included an affidavit of merits executed by Bowell in which Bowell consented to a change of venue to the City and County of San Francisco. On May 14, 1941, after the plaintiffs had dismissed the action as to Dooley without prejudice, Bowell filed a motion for change of venue (presumably supported by an affidavit of merits) to San Mateo County. Bowell's motion was supported by affidavits to the effect that he had consented to Dooley's proposed change of venue to the City and County of San Francisco because that county was adjacent to San Mateo County where he resided and that he never intended to consent to Los Angeles venue.

The trial court granted Bowell's motion for change of venue. The Supreme Court affirmed the order. On appeal plaintiffs contended that Bowell's motion was untimely and Bowell had waived his right to change venue because he failed to file his motion and affidavit of merits when the joint demurrer was filed. █ The Supreme Court rejected this contention, stating:

"It has been stated frequently that a motion for a change of venue on the ground of defendant's residence in another county should be filed at the time defendant demurs or answers; that rule follows the wording of section 396b of the Code of Civil Procedure. [Citations.] But the reasoning upon which those cases are based is that the failure to move for a change of venue on the ground of residence at the time of demurrer or answer constitutes a *waiver* of the right to have the venue changed. [Citations.]

". . . . . . . . . . . . . . . . . . . .

". . . Waiver is ordinarily a question of fact. (25 Cal.Jur. 932.) While it may be true that the failure to institute proceedings for change of venue on the ground of residence at the time of filing a demurrer or answer, *standing alone,* requires as a matter of law that relief be denied when an attempt to obtain it is made by later proceedings, there is nothing in section 396b or the cases heretofore cited, which compels a holding that such waiver occurs as a matter of law where, as in this case, there is a sufficient showing that there was no intent to waive the right or to invoke the jurisdiction of the court in which the action is commenced, and the

defendant has acted in good faith and with diligence. To blind one's self to the realities by a slavish adherence to technicalities is not consonant with justice or the liberal tendencies with respect to rules of procedure and practice. To give the construction to section 396b contended for by plaintiffs would be unreasonable and out of line with the rules pertaining to waiver. Furthermore, it would require a strict and literal, rather than a liberal interpretation of that section." (*Lyons* v. *Brunswick-Balke etc. Co., supra,* 20 Cal.2d 579, 582-584, original italics.)

*Lyons* holds that the time limit for filing a notice of motion for change of venue prescribed by section 396b is not jurisdictional in the sense that a trial court is without power to entertain an untimely motion.[1]

We cannot reconcile *Lyons* and *Peterson Tractor Co.* The time limit for filing a notice of motion for change of venue prescribed by section 396b is identical to the time limit prescribed by that statute for filing an affidavit of merits. *Peterson Tractor Co.* holds the latter time limit is jurisdictional; *Lyons* holds the former is not. Both a notice of motion and affidavit must be filed to obtain a change of venue; section 396b states in a single sentence the time limit for filing each. It is inconceivable that one time limit is jurisdictional and the other is not.

*Peterson Tractor Co.* is grounded upon two interrelated propositions. The first is that the time limit prescribed by section 396b for filing an affidavit of merits is jurisdictional in nature. By analogy to *Lyons,* we hold it is not and disagree with *Peterson Tractor Co.* in this regard. The second is that a trial court has power to act only pursuant to Code of Civil Procedure section 473 by permitting an amendment of an affidavit of merits which has been timely filed. Since it assumes that a trial court lacks the power to allow the filing of an untimely affidavit, this proposition falls with our holding that the court has such power.

The rule of *Peterson Tractor Co.* creates a technical trap for the unwary. A party who is not aware of the requirement of an affidavit of merits and fails to file one is precluded from correcting this deficiency the moment he is informed of it by the adverse party's objection, even though he is willing and able to give the required affidavit. We believe the

---

[1]Bowell's motion for change of venue (presumably supported by an affidavit of merits) was not filed within the time prescribed by section 396b. When *Lyons* was decided, section 396b provided that a notice of motion for change of venue should be filed at the time the defendant answers or demurs. Bowell demurred on April 29, 1941; he filed notice of motion for change of venue on May 14, 1941.

interests of justice are better served by a rule of law which allows the trial court some latitude to allow the filing of a late affidavit in appropriate cases.

We hold that respondent court has jurisdiction to allow petitioners to file an affidavit of merits after the time prescribed by Code of Civil Procedure section 396b; that court may properly grant such relief after it has made factual findings that petitioners did not intend to waive their venue rights or invoke its jurisdiction in the underlying action, and that they have proceeded in good faith and with due diligence. (See *Lyons* v. *Brunswick-Balke etc. Co., supra,* 20 Cal.2d 579, 582-584.)

Since it appears that respondent court did not reach the merits of petitioners' motion for a change of venue, we decline to decide the issue. This and other contentions raised by the parties are appropriately addressed to respondent court in the first instance.

Let a peremptory writ of mandate issue directing the Superior Court of Merced County to set aside its order in action No. 56747 denying the defendants' motion for a change of venue, to hold another hearing in the matter and, thereafter, to reconsider said motion in light of this opinion.

Insofar as it seeks relief not granted above, the petition for writ of mandate is denied.

The parties shall bear their own costs in this proceeding.

Franson, J., and Hopper, J., concurred.