[Civ. No. 16580. First Dist., Div. Two. Jan. 11, 1956.]

CITY OF OAKLAND, Respondent, v. OAKLAND UNIFIED SCHOOL DISTRICT OF ALAMEDA COUNTY, Appellant.

J. F. Coakley, District Attorney (Alameda), Frank D. Parker, Assistant District Attorney, and Richard H. Klippert, Deputy District Attorney, for Appellant.

John W. Collier, City Attorney, and Hilton J. Melby, Assistant City Attorney, for Respondent.

DOOLING, J.—This is an appeal from a judgment of the superior court that defendant-appellant Oakland Unified School District of Alameda County shall pay to plaintiff-respondent city of Oakland its pro rata portion of the costs of an election held in the city of Oakland on April 21, 1953, in the amount of $28,278.50.

Respondent filed a "Complaint For Declaratory Relief and For Money Paid Out and Expended" against appellant seeking to recover a judgment declaring the rights, duties and liabilities of the parties with respect to the costs of conducting certain elections and to recover $28,278.50 alleged to represent the pro rata cost to appellant of an election held on April 21, 1953.

The facts are not in dispute. Pursuant to the provisions of Article III of the Charter of the City of Oakland (Stats. 1911, p. 1553 et seq.) a municipal election was held in Oakland on April 21, 1953. The total number of offices to be filled and propositions to be voted on at this election was 21. There were 16 city offices and propositions to be voted upon and five offices of school director. The cost of conducting this election was $118,769.67 which has been paid by respondent city of Oakland. After the election respondent demanded from appellant reimbursement for a pro rata of

the costs of the election apportioned between the parties in the ratio that the number of offices of school director filled bore to the total number of offices and propositions voted upon at the election, to wit, 5/21 of $118,769.67 or $28,278.50. The appellant denied liability.

It appears that in elections previous to the one here in question appellant was billed by respondent and paid to respondent its pro rata share of the cost of the elections based upon the formula set out in Education Code, section 2105. At that time the boundaries of respondent and appellant were not coterminous. Prior to the election in question the boundaries of the parties were made coterminous. The appellant maintains that because of this change it is no longer liable to pay any cost of such elections and that no part of such elections are a legal charge against it.

Education Code, section 2105, provides:

"In those cases *in which the boundaries of the school district,* . . . governed by a city board of education, *are not coterminous with the boundaries of the city* and where elections, . . . of members of the board of education are by the provisions of the laws governing the cities held on the same day as municipal elections, . . . a proportionate part of the actual cost and expense of the election shall be a legal charge against the school districts governed by the board of education. The city shall be reimbursed for the proportionate cost and expense incurred in the conduct of the election. The cost and expense of the elections within the boundaries of the city shall be apportioned between the city and the districts in the ratio that the total number of offices to be filled and propositions to be voted upon by the electors of the city and the school district or districts, respectively, bears to the total number of offices to be filled and propositions submitted. The cost and expense of the election in territory outside of the municipal boundaries shall be borne by the districts affected . . ." (Emphasis ours.)

This is the only provision providing that a school district shall pay to a city a pro rata cost of a municipal election where members of a board of education are according to the city charter elected on the same day as municipal officers. This section is specifically limited to the situation where the boundaries of the school district are *not* coterminous with the boundaries of the city. Appellant argues that since the boundaries are now coterminous this section can have no application.

■■ It will clarify the discussion to remember that both the city and the school district are creatures of the state. ■■ The powers, duties and obligations of the city must be found within the limits of the relevant constitutional provisions and the city's charter (18 Cal.Jur., Municipal Corporations, § 106, pp. 800-801) and the powers, duties and obligations of the school district must be found within the limits of the statutory provisions governing school districts (23 Cal.Jur., Schools, § 15, pp. 35-36). In this connection it has been affirmed that "(s)chool districts are *quasi* municipal corporations of the most limited power known to the law. Their trustees have special powers and cannot exceed the limit." (*Pasadena School Dist.* v. *Pasadena,* 166 Cal. 7, 11 [134 P. 985, Ann.Cas. 1915B 1039, 47 L.R.A.N.S. 892] ; *Skelly* v. *Westminster School Dist.,* 103 Cal. 652, 659 [37 P. 643].)

Charter cities are given the power by article XI, section 8½, subdivision 2, to provide in their charters "For the manner in which, the times at which, and the terms for which the members of boards of education shall be elected or appointed, for their qualifications, compensation and removal, and for the number which shall constitute any one of such boards."

The respondent city of Oakland in the adoption of its charter availed itself of this right in article V, sections 8, 9, 11, 12(2), 16, 17 and 19 thereof (Stats. 1911, pp. 1565-1569). Some of these sections have since been amended but a citation of the amendments is not necessary since the charter admittedly still provides in detail for the number, qualifications, terms of office, time and manner of election of the school directors of the Oakland School District.

■ Where, as here, the city's charter makes such provisions for the election, etc., of members of the board of education under the authority of article XI, section 8½, subdivision 2 of the Constitution it is settled that in the "matters relating to their election, tenure of office, compensation and removal, they shall be considered municipal officers." (*Becker* v. *Council of the City of Albany,* 47 Cal.App.2d 702, 705 [118 P.2d 924], and cases cited; *Clements* v. *T. R. Bechtel Co.,* 43 Cal.2d 227, 234 [273 P.2d 5] ; *People* v. *Darby,* 114 Cal.App.2d 412, 423 [250 P.2d 743].)

■ The election of school directors in the city of Oakland being thus made under the Constitution and its charter a municipal affair, the cost of such election in the absence of any statutory provision to the contrary would seem logically

to be a proper charge against the city which has chosen voluntarily in the adoption of its charter to make the election of such officers a municipal affair.

In the instance of school districts governed by city boards of education where the districts are not coterminous with the city the Legislature has seen fit to make provision for the assumption by the school district of the costs of elections of members of its board of education where the elections are held at a different time from the municipal elections (Ed. Code, § 2104) and for the sharing of the costs of such elections according to a formula set out in detail where they are held at the same time as the municipal elections (Ed. Code, § 2105). No such provision and *ipso facto* no formula has been enacted where the school district and the city are coterminous. In the absence of such provision we can find no authority for the payment of any part of the cost of such elections by the school district.

Respondent argues that no good reason can be found for placing the whole burden of the cost of school district elections on the city where the boundaries of the two are coterminous. It is sufficient answer that the matter is one within the exclusive control of the Legislature and the Legislature in its discretion has not seen fit to make any provision for the payment of any part of the costs of such elections by the school districts. There is, however, a very real difference between the cases where the school district is not coterminous with the city and those where the two are coterminous. Where the two are not coterminous the taxpayers within the school district and outside the city limits would not bear any part of the costs of such elections if the city paid the whole thereof. Where the two are coterminous, on the other hand, the same taxpayers support both and the Legislature may well have concluded that it made no practical difference to such taxpayers that the whole cost of such elections is borne by the city. After all, both cities and school districts are created only to serve the people and they have only such rights, powers and duties as the citizens through their Constitution, elected representatives or by their own votes see fit to give them.

Respondent claims that because appellant has previously paid a pro rata share of the cost of elections where school directors were elected it should now be estopped from denying liability. The doctrine of estoppel cannot apply since the factual situation is not the same now as when appellant paid this pro rata cost. Formerly the boundaries of respondent and appellant were not coterminous and the Edu-

cation Code specifically provided that in such a case contribution should be made; now the boundaries are coterminous and there is no statute authorizing payment by appellant to respondent.

Respondent also contends that it has a right to recover on its second cause of action based upon a common count for money paid. It is settled that where a common count follows a count wherein all of the facts on which the plaintiff's demand is based are specifically pleaded and it is clear that the common count is based on the same set of facts, the common count is to be considered not as a different cause of action, but as an alternative method of pleading the plaintiff's right to recover. (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal. 2d 484 [110 P.2d 396] ; *Maselli* v. *E. H. Appleby & Co., Inc.*, 117 Cal.App.2d 634 [256 P.2d 618] ; *Rylee* v. *De Fini*, 134 Cal.App.2d Supp. 877 [285 P.2d 115].) In view of this nothing is added to respondent's action by the pleading of the common count.

Judgment reversed.

Nourse, P. J., and Kaufman, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 8, 1956.