STATE ex rel. The COMMISSIONERS OF the STATE TAX COMMISSION of Missouri, Dennis K. Hoffert, Chairman, et al., Relators,

v.

W. C. DAVIS, Collector of Taney County, et al., Respondents,

Montgomery County R–I School District, et al., Intervenors,

Branson Reorganized School District R–IV, Intervenors,

Washington School District, et al., Intervenors,

School District of Kansas City, Intervenors.

No. 62767.

Supreme Court of Missouri, En Banc.

Sept. 8, 1981.

Rehearing Denied Oct. 13, 1981.

**512**

John Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for relators; Thomas R. Schwarz, Jr., State Tax Com'n, Jefferson City, of counsel.

James K. Justus, Pros. Atty., Taney Co., Forsyth, for respondents.

Walter D. McQuie, Jr., Montgomery City, Gary W. Allman, Branson, John Robert O'Connor, Washington, Shirley Ward Keller, Kansas City, for intervenors.

Norman Humphrey, Jr., Independence, Michael F. Dandino, Russell D. Jacobson, Associate County Counselors, R. Jay Ingraham, County Counselor, Kansas City, for amicus.

### ORIGINAL PROCEEDING IN MANDAMUS

HIGGINS, Judge.

The Commissioners of the State Tax Commission seek a writ of mandamus to compel the collector and treasurer of Taney County to deduct for assessment purposes a percentage of property tax collections allocable to taxing jurisdictions within the county and deposit that money in the assessment fund of the county as required by §§ 137.720 and 137.750, RSMo Supp.1980. A number of school districts have intervened to challenge the constitutionality of these statutes, and the collectors and treasurers of various counties have been added as respondents. The preliminary writ previously issued is made peremptory.

Mo. Const. art. X, § 3, provides that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Section 137.-080, RSMo 1978, and § 137.115, RSMo 1978, require property to be assessed annually at thirty-three and one-third percent of its true value in money. In *State ex rel. Cassilly v. Riney*, 576 S.W.2d 325 (Mo. banc 1979), the Court found that property taxes in St. Louis County were not uniform between new homes and homes not assessed since 1960, and concluded that the State Tax Commission had the authority under § 138.410, RSMo 1978, to supervise all assessing officers and boards of equalization and to enforce all laws relating to the general property tax. Pursuant to this authority the Commission has determined that property taxes in numerous counties throughout the state are in violation of Mo. Const. art. X, § 3, § 137.080, and § 137.115, RSMo 1978, and has ordered such counties to begin reassessment. The general assembly enacted § 137.750 to provide the funding necessary to implement reassessment.[1]

---

1. Section 137.750 provides in pertinent part:

2. A county ordered to perform a general reassessment by the commission or a court shall be reimbursed for all reasonable costs expended pursuant to a general reassessment plan approved by the commission in the manner hereinafter set forth:

(1) Fifty percent from the state of all reasonable costs actually incurred pursuant to an approved plan including any costs otherwise reimbursed under sections 137.700 and 137.710;

(2) An additional twenty-five percent from the state for reasonable costs actually incurred pursuant to an approved plan which are incurred for the expenses specified in subdivision (4) of this subsection; in no event shall the total reimbursed from the state exceed seventy-five percent of actual cost, nor exceed thirty dollars per parcel;

(3) An additional twenty-five percent from all taxing jurisdictions within the county, including the county but not the state, for reasonable costs actually incurred pursuant to an approved plan which are incurred for the expenses specified in subdivision (4) of this subsection. The amount to be paid by each taxing jurisdiction shall be on the percentage basis that the tax proceeds received by such taxing jurisdiction for the preceding year bears to the total tax proceeds received by all such taxing jurisdictions within the county during that same preceding year. The coun-

Essentially, the state shall reimburse the county for seventy-five percent of all reasonable costs, and the county is to obtain reimbursement for the remaining twenty-five percent from the taxing jurisdictions within the county. To that end, the collector is to deduct the amount due from each taxing authority from the tax collections allocable to that authority. Section 137.720 provides for the deduction of a percentage of property tax collections allocable to each taxing authority and for its deposit into an assessment fund for the payment of yearly assessment costs.[2]

Respondents in this case are collectors, treasurers, and school districts in counties where a plan for reassessment has been approved by the Commission and ordered implemented. The Commission seeks a writ of mandamus to compel the collectors and treasurers of these counties to comply with §§ 137.720 and 137.750.

■ In addition to contending that school districts are exempt from the requirements of § 137.720 and § 137.750, intervenor school districts advance several challenges to the constitutionality of these sections. Such sections are, however, presumed to be constitutional and this Court will not hold otherwise unless they "clearly and undoubtedly" contravene a constitutional provision. *Prokopf v. Whaley*, 592 S.W.2d 819, 824 (Mo. banc 1980); *State ex rel. Eagleton v. McQueen*, 378 S.W.2d 449, 452 (Mo. banc 1964).

■ Section 137.720 provides that: "A percentage of all ad valorem property tax collections allocable to each taxing authority within the county shall be deducted . . . ." Section 137.750 provides that counties shall be reimbursed "from all taxing jurisdictions within the county, including the county, but not the state, . . . ." Mo. Const. art. X, § 11(a), provides that, "Taxes may be levied by counties and other political subdivisions on all property subject to their taxing power, . . . ." The term "other political subdivisions" includes school districts. Mo.Const. art. X, § 15. School districts are taxing authorities or jurisdictions within the county, and are subject to the provisions of §§ 137.720 and 137.750.

Intervenors contend §§ 137.720 and 137.-750 violate Mo.Const., art. X, § 10(a), which prohibits the general assembly from imposing taxes "upon counties or other political

---

ty collector shall estimate the costs which will be incurred pursuant to the approved plan for the following year and which are allocable to local taxing jurisdiction. A percentage of all ad valorem property tax collections allocable to each taxing authority, except the state, based on the percentage basis determined as provided in this subdivision shall be deducted by the collector from the collections of taxes due on December thirty-first of that year. . . . Any amount which is attributable to deductions under this subdivision remaining in the fund each year after payment of all costs shall be paid to the taxing authorities from which it was derived on the same percentage basis as it was deducted originally;

(4) The additional reimbursement for costs referred to in subdivisions (2) and (3) of this subsection shall be limited to costs approved by the commission pursuant to an approved plan which are incurred for;

(a) The salary of any additional employees required;

(b) Necessary education or training, to include tuition or fees, supplies, and approved travel expense;

(c) Manuals, forms, and supplies; and

(d) Development of an effective tax mapping or record keeping system.

3. The governing body of any county which seeks reimbursement pursuant to chapter 137, or this section, shall establish a fund to be used exclusively for the purpose of funding the costs and expenses of the county or township assessors, and all funds so received shall be paid into the fund.

2. Section 137.720 provides in pertinent part:

A percentage of all ad valorem property tax collections allocable to each taxing authority within the county shall be deducted from the collections of taxes each year and shall be deposited into the assessment fund of the county as required under section 137.-750.

The percentage shall be one-half of one percent for all counties of the first and second class and cities not within a county and one percent for counties of the third and fourth class. . . . Any amount which is attributable to deductions under this section remaining in the fund each year after payment of all costs shall be paid to the taxing authority.

subdivisions or upon the inhabitants or property thereof for municipal, county, or other corporate purposes." They argue that the withholding of tax collections for reassessment is a tax imposed on school districts and other political subdivisions for county or local purposes. They contend also that if §§ 137.720 and 137.750 do not impose taxes for local purposes, they do authorize a state tax on real and personal property in excess of ten cents on the hundred dollars assessed valuation and are therefore in violation of Mo.Const. art. X, § 8, which provides that "the state tax on real and personal property, ... shall not exceed ten cents on the hundred dollars assessed valuation."

■ It is the responsibility of the counties to assess, levy, and collect the "state tax and taxes necessary to pay the funded or bonded debt of the state, county, township, municipality, road district, or school district, the taxes for current expenditures for counties, townships, municipalities, road districts, and school districts, including taxes which may be levied from library, hospitals, public health, recreation grounds and museum purposes." Section 137.035, RSMo 1978. Sections 137.720 and 137.750 do not impose a state tax on real or personal property. They provide for the withholding of a percentage of tax monies already levied and collected. The money withheld is deposited in a county fund to reimburse the county, not the state, for its share of the cost of reassessment and maintaining equalized assessments. Nor do they impose a tax solely for "county or other corporate purposes." Although it is the responsibility of the county to assess levy and collect property taxes, equalizing assessments is both a state and a county purpose. Valid assessment schemes in the counties of the state benefit the state at large as well as the locality,[3] and the state is funding the majority of the costs to insure that assessments are equalized. In the absence of assessment practices that meet constitutional and statutory require-

ments, no property tax can be validly levied and collected.

■ Intervenors contend that §§ 137.720 and 137.750 authorize the expenditure of school levy monies for non-school purposes in violation of Mo.Const. art. IX, § 3(a) & § 5, and Mo.Const. art. X, § 11. They argue that Mo.Const. art. IX, § 3(a) & § 5, prohibit the appropriation and distribution of public school funds for purposes other than those related to the establishment and maintenance of free public schools. They argue also that Mo.Const. art. X, § 11, places in school districts the exclusive right to impose taxes on tangible property for school purposes, and that §§ 137.720 and 137.750 authorize a diversion of the tax monies from school purposes in contravention of this exclusive authority.

The withholding of tax collections allocable to school districts does not divert money levied for school purposes and is not an appropriation and distribution of school funds for purposes other than those related to the establishment and maintenance of free public schools. The tax collections are withheld to help fund the cost of securing and maintaining a valid and equitable assessment scheme. Such a scheme insures the continued collection of tax monies allocable to the school districts and is therefore sufficiently related to school purposes.

■ Intervenors contend that reassessment is a county purpose, and that §§ 137.720 and 137.750 authorize the county to levy a rate of tax for county purposes in excess of the maximum rate of tax authorized by Mo.Const. art. X, § 11(b).

Sections 137.720 and 137.750 do not authorize a rate levied for county purposes in excess of that authorized by Mo.Const. art. X, § 11(b). These sections provide for the withholding of existing tax collections; they do not provide for any additional tax levy. Reassessment is a county responsibility, but not limited to county purposes. A

---

**3.** State aid to school districts is dependent upon the assessed valuation within the school districts. *See* § 163.031, RSMo 1978. In addition, the state levies an annual tax on all taxa-

ble property in the state to provide a fund for the payment of pensions to the deserving blind. Section 209.130, RSMo 1978.

valid assessment scheme benefits all who receive tax monies collected pursuant to that scheme. A contribution by the taxing jurisdiction within the county to the costs of insuring a valid assessment scheme is not repugnant to this constitutional provision.

The need to equalize assessments arose from the recognition of inequities that resulted from many years of neglect of the constitutional and statutory provisions relating to property assessment. If these statutory and constitutional violations and the resulting inequities are not remedied, neither the state, the counties, nor any political subdivision will be able to levy and collect a valid property tax. The task of equalizing assessments is therefore necessary. The general assembly enacted a means of equalizing assessments and has provided for the necessary funding. Such legislation is a reasonable and equitable means of funding a reassessment plan that will ensure the continued viability of the general property tax as the major support for schools and other political subdivisions in Missouri.

Respondent collector and treasurer of Taney County advance a number of contentions with respect to alleged conflicts in temporary orders issued by the circuit court and the associate division of the Circuit Court of Taney County and this Court during the pendency of this litigation. All are rendered moot by the order which follows.

The writ of mandamus is made peremptory to the end that the collectors and treasurers of respondent counties shall comply with §§ 137.720 and 137.750.

All concur.

