STATE of Missouri, ex rel. The SCHOOL DISTRICT OF SPRINGFIELD R–12, and Kenneth W. Kraft, Treasurer of The School District of Springfield R–12, Plaintiffs,

v.

Gene WICKLIFFE, Collector of Revenue, Greene County, Missouri, and Carol Langsford, Treasurer, Greene County, Missouri, Ernest E. Frisch, Jr., Auditor, Greene County, Missouri, Defendants.

No. 64112.

Supreme Court of Missouri, En Banc.

May 31, 1983.

Michael K. Cully, Theodore L. Johnson, III, County Counselor, John W. Housley, Asst. County Counselor, Springfield, for defendants.

Bruce E. Hunt, C. Wallace Walter, Springfield, for plaintiffs.

NORWIN D. HOUSER, Senior Judge.

This is an appeal from a judgment of the circuit court making its alternative writ in mandamus absolute, ordering the Auditor of Greene County to audit all interest earned on ad valorem and Merchants and Manufacturers taxes paid under protest for the year 1979, received and held by the Collector of Revenue and by the Treasurer of Greene County for the use and benefit of The School District of Springfield R–12, and that the collector, treasurer and auditor forthwith deliver to the treasurer of the school district all interest earned on said taxes for the year 1979. This court has jurisdiction because the appeal involves the construction of the revenue laws of this state. Art. V, § 3, Mo. Const.

■ The first issue is whether §§ 110.-150, RSMo Supp.1975, 165.071 and 165.081, RSMo 1969 govern the distribution of interest on school funds in counties of the first class not having a charter form of government (of which Greene County is one), or whether the applicable statute is § 52.360, RSMo Supp.1975. If the first three above-numbered statutes control, the interest is payable to the school district; if § 52.360 controls, the interest is to be credited to the general revenue fund of Greene County. This precise issue was decided recently in a unanimous decision by the Court en banc in the *State of Missouri ex rel. Fort Zumwalt School District, et al., v. Francis Dickherber, Auditor of St. Charles County*, 576 S.W.2d 532 (Mo.Sup. banc 1979), in which all pertinent statutes (set out verbatim in the footnotes) were interpreted and harmonized under accepted and established rules of construction. That case held, and for the reasons therein stated, which need no further elaboration, we reannounce that interest on deposited school funds is payable to the treasurer of the school district, and is not to be credited to the general revenue fund of the county.

The second issue is whether appellants (the collector, treasurer and auditor) should be required to remit *all* of the interest in question to the treasurer of the school district or only the net amount of interest remaining after first deducting the school district's proportionate share of the costs and expenses incurred by Greene County on its liability to pay interest on the county's temporary tax anticipation borrowings.

Prior to July 1, 1979, because of the provisions of a Congressional act regulating banking, Title 12 U.S.Code Annotated, § 371a, Greene County received zero percent of interest on all public funds collected by the Collector of Revenue and deposited

in demand accounts at its local depository. On May 18, 1979, three months after this Court handed down the Fort Zumwalt School District opinion, Greene County entered into a written contract with Boatman's Union National Bank which provided that funds deposited by Greene County over and above a compensating balance of $100,000 to be maintained at the bank, would be invested by the depository for the benefit of Greene County in blocks of $25,000, in U.S. Government securities at a rate at least equal to the U.S. Treasury Bill rate. This yielded a total of $278,808 in interest to the credit of Greene County during the year 1979. During the same period Greene County paid the bank $82,296.20 in interest on tax anticipation borrowings. Under the contract the bank also paid 5¼ percent interest to Greene County on the $100,000 compensating balance.

Of the total taxes collected in Greene County 63 percent are school taxes collected for Springfield School District R–12; 24 percent for the ten smaller school districts in the county, and 13 percent is allocated to the County General Revenue and Road and Bridge Fund.

Appellants argue that in accounting to the school districts School District R–12 should pay 63 percent of the county's interest expense and that the other ten school districts should pay 24 percent; that if all interest accruing on school monies is returned to the school districts and all of the county's interest costs must be borne out of the interest the county receives on 13 percent of the collector's total account, the county would receive only $36,270 and as a result Greene County would have to pay $46,026 more in interest expense than it receives. Appellants say this is inequitable, "not in the best interests of the citizens of Greene County or ultimately the R–12 School District"; that it would allow School District R–12 an undue preference and discriminate against the taxpayers and other taxing units; that if year after year the county must pay more in interest than it receives, inevitably it will discontinue the present depository agreement and return to receiving no interest on deposits and paying

no interest on borrowings. Appellants claim that if the court adopts their position it will prevent any taxing authority from obtaining a "windfall" or benefit to a particular school district paid for by all the county's taxpayers. They say that in the light of numerous developments in the state of the economy since 1979, changing interest rates, and efforts by county collectors through depository agreements to generate additional public revenues; the practical difficulties regarding computation of interest, and the "manifest legislative intendment that the county collectors' investment of school tax monies should not result in a windfall to a particular school district," this Court should re-examine the Fort Zumwalt decision and if it be determined that school districts are entitled to any interest on school tax funds it should be limited to the net interest after deducting the school districts' pro rata share of the expense involved.

There is no merit in any of these contentions.

Whether these laws relating to interest operated justly or unjustly is not a matter for judicial determination. *Hannibal v. Marion County,* 69 Mo. 571, 576.

 The powers, duties, and obligations of school districts must be found within the limits of the statutory provisions governing school districts. *City of Oakland v. Oakland Unified School District, Cal.* C.A. (1956) 138 Cal.App.2d 406, 291 P.2d 1001, 1003. "As a general rule a school district is liable for such expenses and charges, and such only, as are expressly or impliedly authorized by law, and such as are necessarily and properly incident to the performance of a statutory authority of duty." 78 C.J.S. Schools and School Districts § 318. Whether school districts are liable for interest costs under these circumstances is a matter within the exclusive control of the legislature, which in its discretion has not seen fit to make any such provision. There is no statute imposing upon school districts liability to pay such interest expense. In the absence of a statutory provision there is

no authority for the payment by this or any other school district of any part of the expense incurred by the county on tax anticipation borrowings. Springfield School District R–12 was not a party to the contract between the county and the bank. The school district did not approve, acquiesce in or ratify the action of the county in borrowing money in anticipation of the payment of taxes and was not privy to the agreement by the county to pay interest on tax anticipation borrowings. Greene County assumed that obligation and Greene County, not the nonconsenting school districts, alone may be charged with that obligation. County officers have the limited powers expressly granted to them by statute or which are necessarily implied from the powers expressly granted. There is no statutory provision directly or impliedly authorizing the county collector or other county officer to deduct any amount from interest accruing on school funds due school districts, to help defray the costs in question.

Appellants complain that it is a virtual impossibility to calculate the interest due School District R–12 on a daily or month-to-month basis; that while taxpayers from different school districts contribute equally to the General Revenue and Road and Bridge funds, they pay school taxes only to their particular school districts and many do not pay taxes to School District R–12; that the Collector, who receives tax payments throughout the thirty days of the month and not just once a month, deposits daily, so that early deposits earn more interest than later deposits, thus complicating interest calculation; that there is no way to ascertain how much of any particular $25,000 investment is attributable solely to School District R–12; that until the monthly report required by statute is made the funds placed in the depository are so commingled that it cannot be accurately ascertained how much of the total interest earned belongs to any particular taxing authority; that on the ground of impossibility the interest received each month should be prorated among the school districts based upon total deposits reflected in the collector's monthly report filed pursuant to § 139.210,

RSMo; that the writ of mandamus cannot be carried out without judicial instructions on how to accurately calculate and prorate the interest costs "and accordingly (the writ) should be dismissed."

The office and function of a writ of mandamus is to command the performance of a ministerial act required to be performed under a right established by law. It is not within the scope or province of the court issuing a writ of mandamus to prescribe or deliver guidelines on the method and manner of compliance with the command, or to superintend the mathematical computations or calculations to be employed in obeying the command of the writ. In an analogous situation, in *State ex rel. Craig v. Dougherty,* 45 Mo. 294 (Mo.1870), this court said, l.c. 300:

> "But the respondent avers that he does not know and is unable to state exactly how much of the public funds remain in his hands. It is his business to be conversant with these facts, and he must, at his peril, inform himself in regard to them. It is true that this court will not go into any investigation of that matter. Nor will it, under the case made, direct him to pay over any specific sum of money. It will, however, require him to pay over the actual balance of collections in his hands, whatever it may be. He must ascertain the amount for himself and see to it that he renders an accurate return."

The circuit court properly made the alternative writ of mandamus absolute and the judgment is affirmed.

RENDLEN, C.J., and HIGGINS, GUNN, BILLINGS, BLACKMAR and DONNELLY, JJ., concur.

WELLIVER, J., not sitting.