Dear Mr. Wiggins:
This letter is in response to your question asking:
 1. May the county continue to withhold a percentage of taxes collected for the benefit of our political subdivisions (under authority of Section 137.750, RSMo) in order to continue funding reassessment work.
 2. May such funding continue through the voluntary contribution from political subdivisions made to the county for that purpose? If so, what authority authorizes such political subdivisions to make such contributions?
 I. Question 1
Section 137.720, RSMo Supp. 1984, provides:
 A percentage of all ad valorem property tax collections allocable to each taxing authority within the county and the county shall be deducted from the collections of taxes each year and shall be deposited into the assessment fund of the county as required under section 137.750. The percentage shall be one-half of one percent for all counties of the first and second class and cities not within a county and one percent for counties of the third and fourth class. The county shall bill any taxing authority collecting its own taxes. The county may also provide additional moneys for the fund. Every county shall provide all moneys necessary to assure that the fund is at least equal to the amount of moneys available for assessment purposes in the previous year. Any amount which is attributable to deductions under this section remaining in the fund each year after payment of all costs shall be paid to the taxing authority. [Emphasis added.]
Section 137.750.2(3), RSMo Supp. 1984, states in part:
 2. A county ordered to perform a general reassessment by the commission or a court shall be reimbursed for all reasonable costs expended pursuant to a general reassessment plan approved by the commission as follows:
. . .
 (3) . . . A percentage of all ad valorem property tax collections allocable to each taxing authority, except the state, based on the percentage basis determined as provided in this subdivision shall be deducted by the collector from the collections of taxes due on December thirty-first of that year.
The county assessment funds are established under Section137.750.3, RSMo Supp. 1984, which states:
 3. The governing body of any county which seeks reimbursement pursuant to chapter 137, or this section, shall establish a fund to be used exclusively for the purpose of funding the costs and expenses of the county or township assessors, and all funds so received shall be paid into the fund.
[Emphasis added.]
We interpret your first question to be if a county has completed its most recent general reassessment under its approved plan, can the county continue to withhold moneys under Sections137.720 and 137.750.2(3), RSMo Supp. 1984, and deposit these moneys in the county reassessment fund established under Section137.750.3, RSMo Supp. 1984. Obviously, Section 137.720, RSMo Supp. 1984, has not been repealed and withholdings can be made under that statute for the purposes enumerated therein. The issue is whether moneys in the county reassessment fund may only be used to reimburse the county for reassessment expenses incurred under the reassessment plan (which amount would be zero (0) if the general reassessment plan has been completed), see Section 137.750.2, RSMo Supp. 1984, or whether moneys in the county reassessment fund may also be used "for the purpose of funding the costs and expenses of the county or township assessors, . . .". Section 137.750.3, RSMo Supp. 1984.
Looking at the plain wording of the statute, we find that Section 137.720, RSMo Supp. 1984, allows counties to continue to withhold funds from taxing authorities for deposit in the county reassessment fund "to be used exclusively for the purpose of funding the costs and expenses of the county and township assessors, . . ." even after the general reassessment plan has been completed.
The withholdings authorized by Section 137.750.2(3), RSMo Supp. 1984, on the other hand, are for the purpose of reimbursing the county for "all reasonable costs expended pursuant to a general reassessment plan approved by the commission . . .". Accordingly, withholdings under Section 137.750.2(3), RSMo Supp. 1984, cannot continue after the general reassessment plan has been completed.
 II. Question 2
The second question asks whether voluntary contributions may be made by political subdivisions, in particular, six-director school districts, to the county for deposit in the reassessment fund.
Generally, the powers, duties, and obligations of school districts must be found within the limits of statutory provisions governing school districts. State ex rel. School District ofSpringfield R-12 v. Wickliffe, 650 S.W.2d 623, 625 (Mo. banc 1983). We have found no statute expressly or impliedly authorizing six-director school districts to make grants of money to counties for deposit in the county reassessment fund. Accordingly, we find that such grants are unauthorized. Cf.Enright v. Kansas City, 536 S.W.2d 17 (Mo. banc 1976). We note that State ex rel. Commissioners of the State Tax Commission v.Davis, 621 S.W.2d 511 (Mo. banc 1981) shows that legislation authorizing such contributions would not violate certain provisions of the Missouri Constitution limiting the purposes for which school moneys may be spent.
Therefore we conclude: (1) counties can continue to withhold tax funds from political subdivisions under Section137.720, RSMo Supp. 1984, for deposit in the county reassessment fund, Section 137.750.3, RSMo Supp. 1984, (2) that withholding under Section 137.750.2(3), RSMo Supp. 1984, ceases upon the completion of the general reassessment plan, and (3) six-director school districts do not have authority to grant school moneys to the county for reassessment purposes.
Very truly yours,
 William L. Webster Attorney General