Dear Mr. Abele:
This letter is in response to your questions asking:
 (a) Does the County Commission have authority to withhold funds remaining in the assessment or reassessment accounts [i.e., funds withheld under Sections 137.720 and 137.750(3)] at the end of any year for purposes of applying such funds to correct undercharges to taxing authorities in previous years, or must funds withheld and remaining in the assessment or reassessment accounts at the end of any year be refunded to the taxing authority notwithstanding undercharges for prior years?
 (b) What time period is permissible for the correction of errors made in the distribution of ad valorem taxes by the County Collector (i.e., is there a statute of limitations applicable to this situation)?
 (c) Is there a difference between the County Commission's authority to withhold and offset overcharges and undercharges for prior years between Sections 137.720 RSMo., and Sections 137.570 [sic], RSMo.?
Your opinion request indicates that the Cooper County Collector undercharged certain taxing authorities, including the Boonville R-I School District, for assessment and reassessment through costs for the years 1979 through at least 1983, and possibly 1985.
Section 137.720, RSMo Supp. 1984, states:
 A percentage of all ad valorem property tax collections allocable to each taxing authority within the county and the county shall be deducted from the collections of taxes each year and shall be deposited into the assessment fund of the county as required under section 137.750. The percentage shall be one-half of one percent for all counties of the first and second class and cities not within a county and one percent for counties of the third and fourth class. The county shall bill any taxing authority collecting its own taxes. The county may also provide additional moneys for the fund. Every county shall provide all moneys necessary to assume that the fund is at least equal to the amount of moneys available for assessment purposes in the previous year. Any amount which is attributable to deductions under this section remaining in the fund each year after payment of all costs shall be paid to the taxing authority.
Section 137.750.2(3), RSMo Supp. 1984, states in part:
 The amount to be paid by each taxing authority shall be on the percentage basis that the tax proceeds received by such taxing authority for the preceding year bears to the total tax proceeds received by all such taxing authorities within the county during that same preceding year. The county collector shall estimate the costs which will be incurred pursuant to the approved plan for the following year and which are allocable to each local taxing authority. A percentage of all ad valorem property tax collections allocable to each taxing authority, except the state, based on the percentage basis determined as provided in this subdivision shall be deducted by the collector from the collections of taxes due on December thirty-first of that year. The collector shall bill any taxing authority collecting its own taxes for that taxing authority's proportionate share of the costs incurred pursuant to the approved plan. Such taxing authority shall pay its proportionate share out of such funds as the governing body of that taxing authority may designate. Funds so deducted or paid shall be deposited in the fund provided for in subsection 7 of this section.
 A. Authority to Withhold Funds
In Missouri Attorney General Opinion No. 82, Moseley, 1980, copy enclosed, this office indicated that the county collector may withhold funds remaining in the reassessment account at the end of the year for purposes of satisfying previous undercharges to the political subdivision by stating:
 Insofar as undercharges are concerned, your question is more difficult. It can be argued that since the legislature has not prescribed a procedure for recovery by the county with respect to undercharges that no such recovery may be had. It is our view, however, that the entire purpose of these provisions was to set up an equitable system for paying for reassessment costs. The legislature has provided precisely how the parties will bear the cost and having so provided, it seems clear that the collector has the right to make up for any undercharge by adding such amounts and calculating future deductions. That the legislature must have intended this result seems all the more obvious when it is considered that the legislature has authorized the collector to bill any taxing authority collecting its own taxes for that taxing authority's proportionate share of the costs incurred pursuant to the approved plan. Thus, we believe that the county has a legally enforceable right to receive each taxing authority's appropriate share of the costs incurred pursuant to the approved plan. Accordingly, if voluntary payment is not made by the undercharged taxing authority, it is proper in this situation for the collector to make up for the undercharges by making deductions from future taxes collected for the undercharged taxing authority.
Accordingly, we conclude that the county collector may withhold funds remaining in the assessment and reassessment accounts for the purpose of reconciling those accounts for previous undercharges.
 B. Statute of Limitations
It is arguable that the five-year statute of limitations found in Section 516.120(2), RSMo 1978, applies. See Stateex rel. Robb v. Poelker, 515 S.W.2d 577 (Mo. banc 1974). However, even if that is so, the question remains as to whether the claims at issue accrue on a periodic basis or are treated as part of an open account. See Section 516.160, RSMo 1978. It is our view that the statutory assessment fund is more in the nature of a trust account than a simple county account, because it involves funds of the various taxing authorities which are pledged to assessment purposes. See State ex rel.Com'rs of State Tax Commission v. Davis, 621 S.W.2d 511 (Mo. banc 1981). Further, it is axiomatic that statutes of limitations do not generally extinguish the debt but only suspend the legal remedy. Accordingly, we do not believe that there is any applicable period of limitations in the premises which would bar the adjustment of such errors.
 C. Differences Between Sections 137.720 and 137.750, RSMo Supp. 1984.
Although the statutory language of both Sections 137.720
and 137.750, RSMo Supp. 1984, is not identical, we believe there is no difference in the county collector's authority to withhold and offset overcharges and undercharges for prior years.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 82, Moseley, 5/21/80