STATE of Missouri, ex rel. LAKE OF THE OZARKS COMMUNITY COLLEGE STEERING COMMITTEE, INC., Joe Butts and Joe Ketterlin, Appellants,

v.

COORDINATING BOARD FOR HIGHER EDUCATION, Respondent.

No. WD 43454.

Missouri Court of Appeals, Western District.

Jan. 15, 1991.

Charles E. McElyea, Philip J. Morgan, Camdenton, for appellants.

William L. Webster, Atty. Gen., Simon B. Buckner, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

GAITAN, Presiding Judge.

Lake of the Ozarks Community College Steering Committee, Inc. is a non-profit corporation organized with the intent of establishing a community college in the Lake of the Ozarks area. Joe Butts and Joe Ketterlin are registered voters in the lake area. Lake of the Ozarks Community College Steering Committee, Inc., Joe Butts, and Joe Ketterlin (collectively called "Relators" hereafter), sought a writ of mandamus ordering the Coordinating Board for Higher Education (hereafter "CBHE") to process Relators' application for the establishment of a junior college district in the lake area. CBHE is the state agency charged, under Mo.Rev.Stat. § 173.005.7 (1986), with regulating the creation of junior college districts. Relators appeal the decision of the circuit court of

Cole County dismissing their petition for a writ of mandamus as moot. The judgment of the trial court is affirmed.

Mo.Rev.Stat. § 178.800 (1986), outlines the procedure to be followed by persons or entities petitioning CBHE to establish a junior college district. First, the person or entity must submit a petition to CBHE showing substantial voter support within the district for the establishment of a junior college. Next, CBHE evaluates the proposal to determine if the "area proposed to be included within the district meets the standards established by it under the provisions of section 178.770 to 178.890...." Mo.Rev.Stat. § 178.800 (1986). Finally, upon a determination that these standards are met, the board orders a vote within the proposed district on the proposal.

Relators first submitted a proposal to CBHE in October of 1986. After refining the original proposal at the direction of CBHE, Relators submitted the proposal again in July of 1987. This refined proposal was returned unopened to Relators because, as stated by CBHE in answers to interrogatories, "the CBHE had no current standard for measuring compliance with the statutory requirements." This rejection was not unique to Relators, but was instead a function of a moratorium placed on all proposals for new community colleges "until such time as the Coordinating Board reviews and approves policies on ... formation of new community colleges...."

Relators contended that this "moratorium" violated the statutory directive contained in Mo.Rev.Stat. § 178.800 (1986), mandating that CBHE review proposals to create new junior college districts. Accordingly, Relators commenced an action in the circuit court of Cole County seeking: (1) a writ of mandamus "directing such Respondent to immediately make arrangements for review of Relators' petition under the law in effect and applicable on July 16, 1987;" and (2) an order compelling agency action, directing CBHE to "hold a hearing on the petition resubmitted on July 16, 1987, concerning the establishment of a Community Junior College and applying the rules and regulations controlling the

agency on July 16, 1987...." The circuit court issued an alternative writ of mandamus of December 4, 1987, commanding CBHE to either review the proposal under the law in effect and applicable on July 16, 1987 or to show cause why it should not be so compelled. On January 8, 1988, the circuit court issued a writ of mandamus commanding CBHE to consider the petition and proposal filed on July 16, 1987, by Relators. The writ did not specify the law or regulations to be applied by CBHE in reviewing Relators' proposal. In response to this writ, CBHE evaluated Relators' proposal and subsequently refused to submit the proposal to voters in the district.

After the writ of mandamus had been issued and obeyed, Relators persisted in pursuing a remedy: Relators filed interrogatories, sought to amend their petition, and moved for a trial setting. Upon motion by CBHE, the trial court dismissed the action stating that the claim, in light of the previously issued writ of mandamus, was moot. It is from this dismissal for mootness that the appellant appeals.

■ The petition filed by Relators asked for two forms of relief: In Count I Relators sought a writ of mandamus, while in Count II Relators prayed for an order compelling action by an agency. The relief sought in Count II has been abandoned by the appellant in this appeal. Rule 84.04(d) mandates that the point relied on contain the action or ruling of the court sought to be reviewed and violations of this rule can act as an abandonment of the argument on appeal. *See Black v. Cowan Const. Co.,* 738 S.W.2d 617, 619 (Mo.App.1987). Further, failure to argue a point on appeal, produce supporting authority, or state that there is no supporting authority acts as abandonment. *See Cox v. Crider,* 721 S.W.2d 220, 225 (Mo.App.1986). Count II is excluded from both Relators' point relied on and argument. Therefore, any appeal from the dismissal of Count II is abandoned and the scope of this appeal is limited to whether the trial court properly granted dismissal of appellant's petition for a writ of mandamus as moot.

In determining mootness, a court should consider whether "[i]t would be a useless act for the court to grant the relief sought by the petition and to order ... that which has already been done." *State ex rel. St. Louis County v. Enright*, 729 S.W.2d 537, 540 (Mo.App.1987). Further, once a court has granted a petitioner full relief based on the petition there remains no justiciable claim for the court to entertain. *See Madyun v. Thompson*, 657 F.2d 868, 871–72 (7th Cir.1981) ("Allegations are moot when a plaintiff 'has already been made whole for damage it claims to have suffered....' "); *Nesglo, Inc. v. Chase Manhattan, Bank, N.A.*, 562 F.Supp. 1029, 1031 (P.R.D.C.1983) (federal action was made moot by full resolution of the action in state court); *Highland Church of Christ v. Powell*, 633 S.W.2d 324 (Tex.Ct. App.1982) (full payment of judgment rendered by the trial court made action moot). Acting upon Relators' petition, the trial court, on January 8, 1988, issued a writ of mandamus "ordering the Coordinating Board for Higher Education to consider the petition and proposal for a community junior college district which was sent to the Coordinating Board for Higher Education and received and filed on July 16, 1987." The trial court did not, however, circumscribe the legal standards to be used by CBHE in reviewing the proposal. This is the fulcrum of Relators' appeal. Relators argue that because the trial court did not dictate the standards under which CBHE was to review Relators' proposal, they were not afforded full relief and accordingly their petition presents a justiciable claim. This argument is, however, without merit.

In issuing a writ of mandamus, it is not proper for the trial court to impel the manner or methods used by the subject of the writ to comply. "It is not within the scope or province of the court issuing a writ of mandamus to prescribe or deliver guidelines on the method or manner of compliance." *State ex rel. School District of Springfield v. Wickliffe*, 650 S.W.2d 623, 626 (Mo. banc 1983). Under *Wickliffe*, it would not have been proper for the trial court to define the standards of compliance to be used by CHBE. Therefore, the trial court gave Relators all the relief to which they were entitled under their petition thus rendering the claim moot, and non-justiciable.

Accordingly, the decision of the trial court is affirmed.