**STATE of Missouri ex rel. BURRELL CENTER, INC., Relator,**

v.

**The Honorable James A. FRANKLIN, Jr., Special Judge, Respondent.**

No. 17618.

Missouri Court of Appeals,
Southern District,
Division Two.

April 6, 1992.

Donald E. Woody, Kerry L. Middleton, Taylor, Stafford, Woody, Cowherd & Clithero, Springfield, for relator.

Kenneth W. Johnson, Springfield, for respondent.

ORIGINAL PROCEEDING
IN PROHIBITION

MAUS, Judge.

This proceeding in prohibition had its genesis in the criminal prosecution State v. Butts, CR490–137FX pending in the Circuit Court of Dallas County. Defendant Butts is charged with forcible rape of H.R., in

violation of § 566.030. Defendant Butts issued a Notarial Subpoena Duces Tecum to Relator, Burrell Center, Inc. (Burrell). The subpoena directed Burrell to produce its documents and medical records pertaining to treatment rendered H.R.

Relator filed, in the Circuit Court of Dallas County, a motion to quash the Notarial Subpoena Duces Tecum. The essential allegations of that motion were as follows. The records described in the subpoena had been developed by Burrell in the course of treatment of a patient. Those records were protected by the "psychologist/patient privilege under Section 491.060(5), R.S.Mo., 1986, and the confidentiality provisions of 42 U.S.C.A., Section 290dd-3, 42 U.S.C.A., Sections 290ee-3, and 42 C.F.R. Part 2, Section 2.1 *et. seq.*".

In response to the motion to quash, defendant Butts filed a motion for an order directing disclosure of those medical records. The essential allegations of that motion included the following. H.R. had received psychiatric counseling from Burrell for an emotional disturbance and alcohol abuse. Defendant Butts had reason to believe H.R. suffers from a mental illness "which adversely affects her ability to perceive and appreciate reality". Those records could "lead to the discovery of evidence affecting the alleged victim's competency to testify as a witness in this cause". He concluded that those medical records were relevant to the issue of H.R.'s credibility and competency as a witness and a denial of access to those records would constitute a denial of due process, as guaranteed by the Sixth Amendment to the Constitution of the United States.

The trial court held an evidentiary hearing and entered the following Order:

"State Ordered to produce copy of medical record requested in subpoena being Exh. # 1 admitted in this hearing and Burrell Center ordered to provide that record to the State or appear and produce under subpoena that record on June 17, 1991."

It was on the basis of this record that this court issued its preliminary order in prohibition.

■ Respondent's answer included the allegation "that the records in question have, since the entry of Respondent's Order of June 4, 1991, been provided to the Prosecuting Attorney of Dallas County by Relator, pursuant to an authorization executed by the alleged victim". On that basis, respondent also filed a motion to dismiss this proceeding as "moot".[1]

"It would be a useless act for the court to grant the relief sought by the petition and to order the County to do that which has already been done. 'In terms of justiciability, a case is moot if a judgment rendered on the subject matter for decision has no practical effect upon an existent controversy.' *Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo.App.1982). 'The law is also well settled that a cause may become moot by the act of the defendant in fully complying with the plaintiff's demands prior to a determination of the case. (citations omitted). When that occurs no justiciable controversy remains in the case.' *Western Auto Supply Co. v. Banner*, 288 S.W.2d 402, 404 (Mo.App. 1956)." *State ex rel. St. Louis County v. Enright*, 729 S.W.2d 537, 540 (Mo.App. 1987).

Also see *State ex rel. Donnell v. Searcy*, 347 Mo. 1052, 152 S.W.2d 8 (banc 1941); *State ex rel. Kansas City Public Service Co. v. Waltner*, 350 Mo. 1021, 169 S.W.2d 697 (1943); *State ex rel. Lake of the Ozarks Community College Steering Committee, Inc. v. Coordinating Board for Higher Education*, 802 S.W.2d 533 (Mo.App.1991). By its reply, Burrell acknowledged that those records had been so provided. The issue of the disclosure of those records raised by Burrell has become moot.

Nevertheless, Burrell asks this court to retain jurisdiction because "the issues and controversies raised by relator are matters of public interest". Burrell argues: "The

issues presented by relator in its Petition for Writ of Prohibition involve critically important matters of public interest. The delicacy of balancing constitutional protections afforded the accused against an individual's right to privacy and protection of privileged information concerning psychiatric treatment and counseling must be addressed by this Court."

■ Burrell has complied with the order of respondent. It has no direct interest in the proceeding. The consent executed by H.R. is not in the record before this court. Neither party has adequately briefed the issue of whether or not H.R. has waived the confidentiality of the records in question by the execution of that consent. Neither party has briefed the issue of "balancing" presented by Burrell. For those reasons and others, the record before this court is not an adequate basis to identify and resolve the issues inherent in the discovery of the records in question. The preliminary order in prohibition is quashed and the proceeding dismissed.

FLANIGAN, C.J., and SHRUM, P.J., concur.

Thomas B. Burkemper, Troy, for appellants.